IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



ALLEN DOUGLAS HALE, III                                              PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 1:16cv113 LG-RHW

CITY OF BILOXI, MISSISSIPPI;
KENNETH GARNER, Individually; and
JOHN AND JANE DOES 1-10, Individually                                DEFENDANTS

---

### COMPLAINT

---

**COMES NOW**, the Plaintiff, Allen Douglas Hale, III, by and through his counsel, Smith & Holder, PLLC, and files this Complaint against the Defendants, the City of Biloxi, Mississippi, Kenneth Garner, in his individual capacity, and John and Jane Does 1-10, in their respective individual capacities, stating as follows:

### JURISDICTION AND VENUE

I.

This is an action at law to redress the deprivation under color of statute, custom, or usage of a right, privilege, and immunity secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America; 42 U.S.C. § 1983; 42 U.S.C. § 1988(b); and the laws of the State of Mississippi, including the Mississippi Tort Claims Act ("MTCA"), arising out of Defendants' violations of Plaintiff, Allen Douglas

Hale, III's, constitutional rights to be free from the use of excessive and deadly force against him by individuals acting under color of state law.

II.

This Court has original jurisdiction over Mr. Hale's constitutional and federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

III.

Mr. Hale invokes the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367(a), to consider his state law claims as they are part of the same case and controversy described by Mr. Hale's federal claims.

IV.

Mr. Hale has complied with the jurisdictional notice mandate of the MTCA, Miss. Code Ann. § 11-46-11 (Supp. 1996). Proof of notice is attached hereto as Exhibit "1."

V.

Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b)(1), (2), and (3), as most or all of the Defendants reside and may be found in the Southern District of Mississippi, and all or a substantial portion of the events giving rise to Mr. Hale's claims occurred in the Southern District of Mississippi.

**PARTIES**

VI.

The Plaintiff, Allen Douglas Hale, III, is an adult resident citizen of Jackson County, Mississippi. At all material times mentioned herein, Mr. Hale was an adult resident citizen of Harrison County, Second Judicial District, Mississippi.

2

VII.

Defendant City of Biloxi, Mississippi ("Defendant City") is a municipal entity and a body politic organized under the laws of the State of Mississippi and located within Harrison County, Mississippi. The Biloxi Police Department ("BPD") is a department of Defendant City and the law enforcement arm of Defendant City. Defendant City may be served with process upon its mayor, Andrew "Fofo" Gilich, or its municipal clerk, Stacy Thacker, at 140 Lameuse Street, Biloxi, Mississippi 39530.

VIII.

Defendant Kenneth Garner ("Defendant Garner") is and was, at all material times mentioned herein, a sworn police officer with the Biloxi Police Department and employed by Defendant City. Upon information and belief, Defendant Garner is and was, at all material times mentioned herein, a citizen and resident of Mississippi. The acts of Defendant Garner alleged in this Complaint were taken under color of the laws of the State of Mississippi and/or Defendant City during the course and scope of his employment as a police officer with the BPD. Defendant Garner may be served with process at his place of employment, BPD, located at 170 Porter Avenue, Biloxi, Mississippi 39530.

IX.

Despite thorough investigatory efforts by counsel, the exact identities of Defendants John and Jane Does 1-10 are unknown, but are known or believed to be sworn officers, employees, agents, and/or servants of the Defendant City. Mr. Hale will amend this Complaint to allege the true and proper identities of Defendants John and Jane Does

3

1-10, and alleges that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Mr. Hale's damages, as alleged herein, were proximately caused and/or contributed to by their conduct. Mr. Hale, upon information and belief, asserts that the Doe Defendants were at all times acting under color of law with the permission and consent of Defendant City within the course and scope of their employment with Defendant City, and are named parties herein in their respective individual capacities.

X.

Defendant Garner and Defendants John and Jane Doe 1-10 may sometimes be referenced collectively herein as "Defendant Officers."

**RELEVANT FACTS**

XI.

On or about April 1, 2015, the Defendant Officers drove to Mr. Hale's residence, a small mobile home located at 8220 West Oaklawn Road, Lot 26, Biloxi, Mississippi 39532, where Mr. Hale lived with his mother, to effectuate an arrest warrant on Mr. Hale. The arrest warrant was based upon an allegation that Mr. Hale, sometime before April 1, 2015, committed a violation of Miss. Code Ann. § 97-19-21 (1972), *as amended* (Procuring Money, Goods, or Services with Intent to Defraud) – a non-violent offense.

XII.

Upon arriving at Mr. Hale's residence, the Defendant Officers announced their presence and demanded for Mr. Hale to open the door to the mobile home.

XIII.

Mr. Hale, who was at all material times mentioned herein unarmed, fully obeyed the officers' commands. Upon opening the front door, Mr. Hale was swarmed by multiple police officers with firearms and/or conducted electrical weapons ("Tasers") drawn and pointed directly at him.

XIV.

Immediately and without any provocation, warning, threats, or resistance, one or more of the officers fired his or her Taser at Mr. Hale with the barbs striking and sticking to Mr. Hale's torso causing him to become completely incapacitated and immobilized.

XV.

As the electric current from the Taser(s) ran through Mr. Hale causing him to fall, Defendant Garner, without any objective reason and without warning, discharged his firearm at Mr. Hale, shooting Mr. Hale in his abdominal region. The firearm Defendant Garner utilized to shoot Mr. Hale was Defendant Garner's personal firearm which Defendant Garner was purportedly allowed to carry while acting as a police officer employed by the Defendant City. The bullet shot from Defendant Garner's gun penetrated Mr. Hale's abdomen, causing him immediate, significant, and life-threatening injuries.

XVI.

At all material times mentioned herein, the Defendant Officers were acting under color of the laws of the State of Mississippi and/or the City of Biloxi, Mississippi during the course and scope of their employment with the Defendant City.

XVII.

During the course of these events, Mr. Hale never made any sudden movements or gestures that could be interpreted by Defendant Garner, Defendants John and Jane Doe 1-10, or any objectively reasonable law enforcement officer as aggressive or threatening. Mr. Hale took no action nor said anything that would cause Defendant Garner, Defendants John and Jane Doe 1-10, or any objectively reasonable law enforcement officer to believe that Mr. Hale posed a threat of serious physical harm to Defendant Garner, Defendants John and Jane Doe 1-10, the public, or to anyone else. Mr. Hale complied with any and all orders, whether lawful or unlawful, from Defendant Garner and Defendants John and Jane Doe 1-10, as he promptly obeyed all commands to open the door of the residence. Mr. Hale did not resist arrest, did not possess nor attempt to possess a weapon of any nature whatsoever, nor were there any firearms or other weapons located within his residence or the curtilage of the home.

XVIII.

At all material times mentioned herein, Mr. Hale was not engaged in criminal activity.

XIX.

After being shot by Defendant Garner and with the Taser barbs still intact on his person, Mr. Hale was dragged down the front steps of his residence by Defendant Garner and/or Defendants John and Jane Doe 1-10, thrown onto the ground, and handcuffed.

XX.

Mobile Medic Ambulance Service received a call for assistance and arrived at Mr. Hale's residence at approximately 8:16 p.m., thereafter transporting Mr. Hale to the Emergency Room at Garden Park Medical Center in Gulfport, Mississippi. During this ambulance trip, Defendant Officers insisted Mr. Hale remain handcuffed to his stretcher even though he was suffering from life-threatening injuries and was not a flight risk.

XXI.

As a result of his injuries from the grossly excessive force utilized by the Defendant Officers, Mr. Hale was forced to undergo two (2) emergency surgeries and remained hospitalized for approximately sixteen (16) days. Mr. Hale suffered, and continues to suffer, physical and mental injuries as a result of the excessive and objectively unreasonable use of excessive and deadly force by the Defendant Officers.

## CAUSES OF ACTION

COUNT ONE:    EXCESSIVE FORCE CLAIM IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT KENNETH GARNER AND DEFENDANTS JOHN AND JANE DOE 1-10 IN THEIR INDIVIDUAL CAPACITIES

XXII.

Mr. Hale hereby adopts each and every paragraph preceding Count One of this Complaint and makes the same a part of this Count.

XXIII.

The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

*Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be*

*subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

XXIV.

Mr. Hale alleges that the Defendant Officers deprived him of his Fourth Amendment rights as incorporated and applied to the states through the Fourteenth Amendment and that such deprivation of rights proximately caused, contributed, and/or resulted in Mr. Hale's injuries and damages.

XXV.

Mr. Hale is a citizen of the United States and all of the individual police officers to this claim are persons for purposes of 42 U.S.C. § 1983.

XXVI.

At all material times mentioned herein, the Defendant Officers were acting under color of the laws of the State of Mississippi and/or the City of Biloxi as an agent and/or employee of Defendant City, and were acting in the course and scope of their duties as police officers for Defendant City at the time they Tased, shot, and injured Mr. Hale.

XXVII.

Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989).

XXVIII.

At the time of the complained of events, Mr. Hale had a clearly established constitutional right under the Fourth Amendment to bodily integrity and to be secure in his person from unreasonable seizure through excessive force by law enforcement.

XXIX.

Any objectively reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time, and further, that Mr. Hale was unarmed and failed to present any real threat to himself or those surrounding him, including the Defendant Officers.

XXX.

The facts and circumstances show that the Defendant Officers' acts of Tasing Mr. Hale were excessive and objectively unreasonable. Further, the facts and circumstances show that Defendant Garner's act of shooting and injuring Mr. Hale was excessive and objectively unreasonable.

XXXI.

At all material times mentioned herein, Defendant Officers did not have probable cause, or any cause whatsoever, to believe that Mr. Hale posed a threat of serious physical harm to the Defendant Officers or to any other person. Consequently, the Defendant Officers' acts of Tasing Mr. Hale were unwarranted and objectively unreasonable when comparing or balancing the amount of force used against the need for the force. Further, the facts and circumstances clearly evidence that Defendant Garner's act of shooting and injuring Mr. Hale was unwarranted and objectively unreasonable when comparing or

balancing the amount of force used (deadly force) against the need for the force. Additionally, Defendants John and Jane Doe 1-10 failed to take reasonable steps to prevent Defendant Garner from using excessive force and/or failed to take reasonable steps to intervene and protect Mr. Hale from such excessive force.

XXXII.

Therefore, by their use of excessive and objectively unreasonable force while acting under color of state law and/or by failing to take reasonable steps to prevent Mr. Hale from being subjected to excessive force, including deadly force, the Defendant Officers violated Mr. Hale's rights under the Fourth and Fourteenth Amendments to the United States Constitution. These violations directly and proximately caused Mr. Hale's injuries and damages.

XXXIII.

As a further result of the Defendant Officers' actions as alleged herein, Mr. Hale has incurred special damages including, but not limited to, the following: past, present, and future medical expenses; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future loss of wages; and loss of wage earning capacity.

COUNT TWO: **MUNICIPAL LIABILITY CLAIM IN VIOLATION OF 42 U.S.C. § 1983 AGAINST THE DEFENDANT CITY OF BILOXI**

XXXIV.

Plaintiff hereby adopts each and every paragraph preceding Count Two of this Complaint and makes the same a part of this Count.

XXXV.

Defendant City of Biloxi, Mississippi, acting by and through its elected and appointed officials, established customs, policies, practices, and procedures amounting to deliberate indifference to, and which directly and proximately caused the deprivation of Mr. Hale's constitutional rights and injuries as alleged herein. Defendant City is liable to Mr. Hale under 42 U.S.C. § 1983 because the execution of its policies, customs, practices, and procedures made by its lawmakers, elected and appointed officials, or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injuries and damages sustained by Mr. Hale. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

XXXVI.

Such written and/or unwritten customs, policies, practices, and procedures include, without limitation, the following:

    A.    Inadequate and improper training, supervision, and discipline of police officers employed by the Defendant City, including Defendant Garner and other Doe Defendants;

    B.    Inadequate and improper procedures and practices in screening, hiring, training, supervising, and disciplining of police officers employed by the Defendant City, including Defendant Garner and other Doe Defendants, who practice, condone, or use excessive force upon arrestees, including Mr. Hale, in violation of their constitutional rights;

C.  Inadequate and improper procedures, policies, and practices for investigating improper activities by police officers employed by the Defendant City, including Defendant Garner and other Doe Defendants, either through arrestee complaints of misconduct or through internally-initiated complaints or investigations;

D.  Inadequate or improper procedures, policies, and practices for identifying and taking appropriate action against police officers employed by the Defendant City, including Defendant Garner and other Doe Defendants, who are in need of re-training, corrective measures, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent violations of the constitutional rights of arrestees, including Mr. Hale;

E.  Maintaining a custom or practice of tacit approval and/or tolerance of the use of excessive force upon arrestees by police officers employed by the Defendant City;

F.  Permitting police officers employed by the Defendant City, including Defendant Garner, to carry and use their personal firearms while acting as a police officer under color of law under the laws of the State of Mississippi and/or Defendant City and while acting within the course and scope of their employment as police officers with the Defendant City; and

G.  Permitting police officers employed by the Defendant City, including Defendant Garner and other Doe Defendants, to carry out duties while

12

experiencing significant emotional and psychological issues, and thus, causing its citizens, including Mr. Hale in the instant cause, to have their constitutional rights trampled upon;

H. The failure to dispatch appropriate personnel to respond and effectuate arrest warrants for non-violent offenses;

I. Failure to provide law enforcement training policies for the proper use of taser guns;

J. Failure to provide law enforcement training policies for the proper use of non-lethal, self-defense measures; and

K. Failure to provide law enforcement training policies for limiting the excessive use of force.

XXXVII.

In establishing these written and/or unwritten customs, policies, practices, and procedures as set forth above, Defendant City knew or should have known that it was violating Mr. Hale's constitutional rights, as Defendant City knew there would be recurring situations involving arrest warrants to be served and executed on persons within its jurisdiction. The use of unreasonable and excessive force by the Defendant Officers followed Defendant City's customs, policies, practices, and procedures, and thus, Defendant City's customs, policies, practices, and procedures allowed for, and even directed an excessive use of force upon Mr. Hale and demonstrate a deliberate indifference on the part of the policymakers of the Defendant City to the constitutional

rights of persons within the City of Biloxi, Mississippi, and were the proximate cause of the violations of Mr. Hale's constitutional rights and resulting injuries as set forth herein.

XXXVIII.

Defendant City has the ministerial, nondelegable duty to insure that its municipal police department is operated in a fashion that protects the constitutional rights of people within its jurisdiction, and it has failed in performing that nondelegable duty with respect to Mr. Hale.

XXXIX.

At the time of his injuries, Mr. Hale had a clearly established right to be free from unreasonable seizure of his person through the use of excessive force. Defendant City deprived Mr. Hale of those rights due to its deliberate indifference, and in doing so, caused Mr. Hale to incur special damages including, but not limited to, the following: past, present, and future medical expenses; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future loss of wages; and loss of wage earning capacity.

**COUNT THREE:   STATE LAW RECKLESS DISREGARD CLAIM UNDER THE MISSISSIPPI TORT CLAIMS ACT**

XL.

Mr. Hale hereby adopts each and every necessary paragraph pertaining to a claim under the MTCA preceding Count Three of this Complaint and makes the same a part of this Count.

XLI.

Proper notice of Mr. Hale's claim as reflected by letter dated July 21, 2015 was received by Defendant City via certified mail on July 22, 2015, and further, by hand-delivery on July 30, 2015. *See* Exhibit "1."

XLII.

At all material times mentioned herein, the Defendant Officers were employed by the Defendant City as sworn police officers with full authority to act for and on behalf of the Defendant City. The acts of the Defendant Officers are imputed to the Defendant City under the doctrine of *respondeat superior*.

XLIII.

Mr. Hale would allege and show that the acts and omissions of the Defendant Officers occurred while the Defendant Officers were engaged in the performance and/or execution of their duties and activities as police officers employed by the Defendant City, and that the Defendant Officers acted in reckless disregard of the health, safety, and well-being of Mr. Hale.

XLIV.

Further, Mr. Hale would allege and show that at the time he was Tased, shot, and injured by the Defendant Officers, he was not engaged in criminal activity.

XLV.

All of the aforementioned actions, inactions, omissions, and commissions, which rise to the level of reckless disregard, proximately caused or contributed to the unlawful and excessive Tasing and shooting of Mr. Hale and his resulting injuries and damages.

XLVI.

As a result, Mr. Hale has incurred special damages including, but not limited to, the following: past, present, and future medical expenses; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future loss of wages; and loss of wage earning capacity.

XLVII.

With respect to Count Three only, Mr. Hale demands judgment against the Defendant City and the Defendant Officers involved in an amount not to exceed the maximum amount recoverable under the Mississippi Tort Claims Act.

## DAMAGES

XLVIII.

As a direct and proximate cause of the aforementioned actions, inactions, omissions, and commissions of the Defendants, Mr. Hale has suffered damages, including: (a) past, present, and future medical bills and expenses; (b) past, present, and future pain and suffering; (c) past, present, and future mental anguish, anxiety, and distress; (d) loss of enjoyment of life; (e) loss of past, present, and future earnings and a loss of wage earning capacity; and (f) other damages as allowed by law.

## JURY DEMAND

XLIX.

Mr. Hale hereby demands a trial by jury on his constitutional and federal law claims set forth in Count One and Count Two above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Allen Douglas Hale, III, prays that his Complaint be received and filed, and demands judgment of and from the Defendants for the injuries and damages set forth herein in an amount to be determined at trial, and with respect to Count Three, demands judgment in an amount not to exceed the maximum amount recoverable under the Mississippi Tort Claims Act. Additionally, pursuant to 42 U.S.C. § 1988, Mr. Hale prays for an award of attorney's fees and costs incurred in the prosecution of his constitutional and federal law claims. Mr. Hale further prays for an award of punitive damages where legally and factually appropriate.

RESPECTFULLY SUBMITTED, this the 30th day of March, 2016.

ALLEN DOUGLAS HALE, III, Plaintiff

SMITH & HOLDER, PLLC

BY: _____
CHRISTOPHER SMITH (Bar No. 104366)
G. MORGAN HOLDER (Bar No. 104131)

CHRISTOPHER SMITH (Bar No. 104366)
G. MORGAN HOLDER (Bar No. 104131)
SMITH & HOLDER, PLLC
POST OFFICE BOX 1149
GULFPORT, MS 39502
TEL: (228) 206-7076
FAX: (228) 284-1870
Email: chris@smithholder.com
Email: morgan@smithholder.com

*Counsel for Plaintiff Allen Douglas Hale, III*