# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ALLEN DOUGLAS HALE, III**                                                                       **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 1:16CV113-LG-RHW**

**CITY OF BILOXI, MISSISSIPPI;**
**KENNETH GARNER, Individually;**
**DARREN LEA, Individually; and**
**JOHN AND JANE DOES 1-10, Individually**                       **DEFENDANTS**

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT, CITY OF BILOXI, MISSISSIPPI

COMES NOW the Defendant, the City of Biloxi, Mississippi (hereinafter referred to as "Biloxi"), by and through its undersigned counsel, Currie Johnson & Myers, P.A., and files this Motion for Summary Judgment and in support thereof would show unto the Court, the following:

I.

Allen Douglas Hale, III (hereinafter referred to as "Hale") filed his original Complaint naming as Defendants, the City of Biloxi and Officer Kenneth Garner (hereinafter referred to as "Garner") on March 30, 2016.

II.

The Complaint asserted a claim pursuant to 42 U.S.C. § 1983 against Biloxi alleging municipal liability. The Complaint asserted a claim of excess force pursuant to 42 U.S.C. § 1983 against Garner in his individual capacity. The Complaint also asserted a claim of reckless disregard as to both Biloxi and Garner pursuant to the Mississippi Tort Claims Act.

III.

Hale sued for damages he allegedly sustained when he was shot and tased during his arrest on a felony warrant on April 1, 2015.

IV.

Biloxi and Garner answered the original Complaint, denying any liability. Garner asserted his qualified immunity defense.

V.

On July 27, 2016, Hale filed an Amended Complaint adding as a Defendant, Officer Darren Lea (hereinafter referred to as "Lea") asserting similar claims as those asserted against Garner in his original Complaint. Lea was also sued in his individual capacity.

VI.

Biloxi, Garner, and Lea answered the Amended Complaint, denying any liability. Garner and Lea asserted their qualified immunity defenses.

VII.

As to the City of Biloxi, Plaintiff's Section 1983 claim fails as a matter of law. First, a municipality cannot be held liable under Section 1983 under a theory of *respondent superior*. Second, "to hold a municipality accountable for a violation of constitutional rights, a Plaintiff must show: (1) that the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999).

The Plaintiff's Amended Complaint and discovery in this cause has not established any policy or practice adopted by the City of Biloxi that resulted in the tasing or shooting of Hale. A review of the City of Biloxi's Arrest Procedures, Use of Force Policies and Taser Policy clearly reveals that Plaintiff cannot present credible evidence to establish that any policy adopted and maintained by the City of Biloxi on the date in question exhibited an objective deliberate indifference to Hale's constitutional rights.

VIII.

Hale's claim against the City of Biloxi for "reckless disregard" under the Mississippi Tort Claims Act (§ 11-46-11, *et seq.*) "MTCA" fails as a matter of law. Reckless disregard under Mississippi Law embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. *See Collins v. Tallahatchie City*, 876 So.2d 284, 287 (Miss. 2004). Such claim requires proof of a "conscience indifference to the consequences and almost willingness that harm should follow". *City of Jackson v. Shavers*, 97 So.3d 686, 688 (Miss. 2012). "Reckless disregard is found where there is deliberate disregard of an unreasonable risk and high probability of harm". *Id.*

IX.

There is insufficient evidence established in this case to create a genuine issue of material fact as to whether the City of Biloxi or Officers Garner or Lea acted with the necessary conscience indifference to the consequences of their actions so as to support this claim.

X.

Hale cannot recover punitive damages against the City of Biloxi under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Further, he cannot recover punitive

damages against the City of Biloxi under § 11-46-15(2) of the Mississippi Tort Claims Act. Therefore, Hale's claim against the City of Biloxi for punitive damages should be dismissed with prejudice.

XI.

The Defendant, City of Biloxi, incorporates its Memorandum in Support of the Motion for Summary Judgment into its Motion.

XII.

The City of Biloxi submits the following Exhibits to support their Motion for Summary Judgment:

Exhibit "A" – Deposition Excerpts of Investigator Michael Shaw;

Exhibit "B" – Deposition Excerpts of Sergeant Kenneth Garner;

Exhibit "C" – Sergeant Kenneth Garner's patrol car audio;

Exhibit "D" – Deposition Excerpts of Darren Lea;

Exhibit "E" – Sergeant Darren Lea's Taser video;

Exhibit "F" – Biloxi's "Response to Resistance and Deadly Force" effective April 1, 2015;

Exhibit "G" – Biloxi's "Taser" policy;

Exhibit "H" – Biloxi's "Arrest Procedure" policy;

Exhibit "I" – Plaintiff's Answers to First Set of Interrogatories Propounded by the City of Biloxi, Mississippi – Response to Interrogatory No. 25; and

Exhibit "J" – Affidavit of Investigator David Shoemaker.

WHEREFORE, PREMISES CONSIDERED, the Defendant, City of Biloxi, moves this Court to grant Summary Judgment in its favor in this matter.

Respectfully submitted, this the 12th day of May, 2017.

            **CURRIE JOHNSON & MYERS, P.A.**
            Attorneys for City of Biloxi, Mississippi


          By: */s/ J. Henry Ros*
            J. Henry Ros, Esquire
            Mississippi Bar Number 5668



**J. HENRY "HANK" ROS, ESQUIRE**
Mississippi Bar Number 5668
**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, MS   39532
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
hros@curriejohnson.com

## **CERTIFICATE OF SERVICE**

I, J. Henry "Hank" Ros, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system who sent notification of such filing to:

Christopher Smith
Smith & Holder, PLLC
Post Office Box 1149
2209 23rd Avenue
Gulfport, MS 39502
***Attorney for the Plaintiff, Douglas Hale, III***

Russell S. Gill, Esquire
Austin Clark, Esquire
Russell S. Gill, PLLC
638 Howard Avenue
Biloxi, MS 39530
***Attorney for the Defendant, Kenneth Garner***

Corban Gunn, Esquire
Corban Gunn, PLLC
P.O. Box 1466
Biloxi, MS  39533
***Attorney for the Defendant, Darren Lea***

This the 12th day of May, 2017.

                                                                                     /s/  J. Henry Ros
                                                                                    J. Henry Ros, Esquire

**J. HENRY "HANK" ROS, ESQUIRE**
Mississippi Bar Number 5668
**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, MS   39532
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
hros@curriejohnson.com