Biloxi Department of Police
Law Enforcement
Policies and Procedures

| Subject: Arrest Procedures | Policy Number: 4.8 |
|---|---|
| Issue Date: 01 March 2007 | Last Review: 01 Jan 2015 |
| | Latest Revision: 01 Jan 2015 |
| Approval Authority Title and Signature: Director John B. Miller | |

POLICY:

It is the policy of the Biloxi Department of Police that any criminal arrests with or without a warrant be made by Sworn Police Officers in accordance with state statutes; i.e., the Annotated Mississippi Code of 1972, Title 99 Chapter 3 Section 1, Title 99 Chapter 3 Section 3, Title 99 Chapter 3 Section 7, Title 99 Chapter 3 Section 11, Title 99 Chapter 3 Section 13 and Title 41 Chapter 29 Section 159.

Furthermore, the Biloxi Department of Police uses only legal justification and established procedures to initiate and affect an arrest. As a part of the arrest process, officers will provide all suspects *legal warning and protection* as required by the United States Constitution and State law.

PROCEDURE:

Authorizations

A.  Title 99 Chapter 3 Section 1 states that certain individuals may make an arrest for crimes and offenses within the State of Mississippi:

    "Arrests for crimes and offenses may be made by the sheriff or his deputy or by any constable or conservator of the peace within his county, or by any marshal or policeman of a city, town or village within the same, or by any United States Marshal or Deputy United States Marshal, or, when in cooperation with local law enforcement Officers, by any other federal law enforcement Officer who is employed by the United States government, authorized to effect an arrest for a violation of the United States Code, and authorized to carry a firearm in the performance of his duties. Private persons may also make arrests."

B.  Title 99 Chapter 3 Section 7 states that an arrest may be made without a warrant if:

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.


EXHIBIT "H"

1. "An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."

2. "Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and cause therefore. If the person arrested so requests, the warrant shall be shown to him as soon as practicable."

3. Any law enforcement officer shall arrest a person with or without a warrant when he has probable cause to believe that the person has, within twenty-four (24) hours of such arrest, knowingly committed a misdemeanor which is an act of domestic violence or knowingly violated provisions of an ex parte protective order, protective order after hearing or court-approved consent agreement entered by a chancery, county, justice or municipal court pursuant to the Protection from Domestic Abuse Law, Sections 93-21-1 through 93-21-29, Mississippi Code of 1972, or a restraining order entered by a foreign court of competent jurisdiction to protect an applicant from domestic violence as defined by Section 97-3-7 that require such person to absent himself from a particular geographic area, or prohibit such person from being within a specified distance of another person or persons.

C. Title 99 Chapter 3 Section 3 allows for "Arrests for criminal offense, and to prevent a breach of the peace, or the commission of a crime, may be made at any time or place."

D. Title 99 Chapter 3 Section 13 makes provision for the pursuit and arrest of persons committing an offense with the corporate limits of the City of Biloxi:

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

"if a person commits an offense within the corporate limits of an incorporated municipality and be pursued by a marshal or any other municipal peace or police officer and shall escape from the municipality, such municipal peace or police officer may pursue and apprehend such offender to places without the corporate limits of the municipality and to any place within the State of Mississippi to which such person may flee and may return such person to the municipality in which such offense was committed."

E. Title 41 Chapter 29 Section 159 provides addition support to the powers of enforcement personnel:

"any duly sworn peace Officer of the State of Mississippi...may, while engaged in the performance of his statutory duties:"

1. "Execute and serve search warrants, arrest warrants, subpoenas, and summonses issued under the authority of this state;'

2. 'Make arrests without warrant for any offense under this article committed in his presence, or if he has probable cause to believe that the person to be arrested has committed or is committing a crime.'

**Officer Responsibilities During All Arrests:**
When making an arrest, officers will:

1. Use caution, planning, and established techniques to help reduce dangers to officers, bystanders, and suspects;
2. Only arrest when there is an *arrest warrant, reasonable belief there is an outstanding arrest warrant, probable cause to believe a crime has been committed*; or when a crime has been committed in the officer's presence.
3. Verbally advise the suspect that they are *under arrest, so a reasonable suspect will know they are* under arrest, and not free to leave; &
4. Take some physical action to prevent the suspect from leaving the controlling presence of the officer;
5. If the officer plans to interview/interrogate the arrested suspect, read the suspect their civil rights in compliance with the United States Constitution and State law, to include Miranda and any other required warnings; however, such advisement is not required if no questioning takes place or the officer defers to an investigator. These rights include:

    a. The right to remain silent,
    b. Understanding that anything the suspect says may be used against them in a court of law,
    c. The right to an attorney, &

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

d. If the suspect cannot afford an attorney, one will be furnished by the arresting jurisdiction at no charge; &

After each of these steps has been completed the suspect is *under arrest*. Most citizens who are arrested will comply with the arrest procedure without incident. However, some arrestees become argumentative or violent in their refusal to submit to a lawful arrest.

### Arrest Procedures for Non-Compliant Individuals:
When suspects becomes argumentative, violent, or resistant to a lawful arrest the following guidelines will be followed:

1. Only that force necessary to efficiently and safely gain the suspect's compliance [See: Department Policy 5.1, Response to Resistance, and SOP 5.2, Response to Resistance Training];
2. Suspects will be led to a more neutral location [generally a police vehicle], by arresting officer(s) when being *argumentative* and/or offering *passive-resistance*. The minimum force necessary will always be used to affect the arrest. <u>**Verbal assault by itself is not justification to apply additional force.**</u>
3. If suspects demonstrate active-*resistant* behavior such as *fighting, struggling,* or *attempting to flee* officers may use reasonable force to complete the arrest; however, officers are reminded that the force used to apprehend a suspect should be adjusted accordingly after the arrestee has been subdued and/or handcuffed.
4. If a suspect attempts to use a deadly weapon, officers will be authorized to use deadly force to protect themselves or others from what is reasonably perceived by the officer to be an immediate threat to human life;
5. Officers will exercise discretion and use caution whenever reasonably possible; &
6. Officers will call for back up assistance in situations where physical force appears imminent.
7. A supervisor shall respond to all Response to Resistance incidents and promptly conduct an investigation.

### Non-Warrant Arrest Procedures:
Officers may make non-warrant or warrant-less arrests when:

1. A felony or misdemeanor offense has been committed in their presence or view; or
2. Officers have *probable cause* to believe a suspect has committed a felonious crime or within 24 hrs of a misdemeanor offense of domestic violence.

### Arrests Outside Jurisdiction of This Agency:
An officer operating outside the jurisdiction of this department may make non-warrant arrests for felony or misdemeanor offense when the officer:

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

1. Observes a felony, *or life threatening* offense being committed; and
2. After the arrest, immediately notifies the law enforcement agency where the arrest was made. The notified agency will take custody of the suspect.
3. Completes all reports or documents required by this department, and the agency having primary jurisdiction.

**Officer Actions Incident to Arrest:**
Officers will complete the following tasks incident to arrest:

1. Search the suspect for any potential weapons, evidence, or any items that could potentially aid in escape;
    a. Searches may be conducted of the immediate area. Any contraband/evidence of crime(s) that is observed in plain view may be seized. Further searches of the scene can be done only with a search warrant or by consent from an individual having authority to give consent. Contraband/evidence of crime(s) that were observed in plain view can be used as probable cause in procuring a search warrant if needed.
    b. Search incident to a legal arrest is allowable because a custodial arrest based upon probable cause is a reasonable intrusion under the Fourth Amendment.
    c. A search subsequent to a custodial arrest is permitted for the following:

        i. To collect and preserve evidence,
        ii. The safety of the arresting Officer,
        iii. To prevent escape, and
        iv. To prevent weapons and contraband from entering a custodial facility.
    d. The search must be conducted as soon as possible following the arrest. Brief reasonable delays such as transporting the subject to jail are permissible.
    e. The scope of the search will be limited to the person, the person's clothing, and the area and articles within the person's immediate reach; e.g., a purse or wallet. The area of the subject's immediate reach is determined at the time of the search and arrest. If a person is arrested out of a motor vehicle, the interior of the vehicle can be searched, with the exception of locked areas. As a matter of departmental policy, all vehicles that are towed will be inventoried.
2. Provide or request first aid or medical treatment;
3. Secure, package, and label actual or potential evidence;
4. Make arrangements for the security of the suspect's motor vehicle;

**RESTRICTED LAW ENFORCEMENT DATA**
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

5. Transport suspect in an authorized law enforcement vehicle to the jail, investigative office or other secure facility; and, when necessary, call for an ambulance to have suspect transported to the hospital.
6. Complete all required reports.
7. Juvenile arrests will be completed in accordance with Department Policy 7.13.

**Alternatives to Arrest**

1. All sworn Officers of the Biloxi Department of Police have the legally mandated authority to enforce the applicable laws, statutes and ordinances of the State of Mississippi and the City of Biloxi, within the limits established by legal authority set forth in Title 99 Chapter 3 Section 1 of the Annotated Code of Mississippi of 1972.

2. The inherent responsibility that comes with this authority requires the use of discretion, the power to exercise judgment in the selection of a course of action from available alternatives, tickets, summonses, referral, informal resolution and or warning on the part of an Officer. The use of discretion by a Police Officer is made necessary by the ambiguity of laws, the effects of actions on police community relations, the legitimate interest of justice and fairness, and the complexity and variety of the situations in which Police Officers find themselves. Such situations make the use of set standard responses impractical and even undesirable in many cases.

3. Situations where Departmental members will normally be confronted with decisions that may require the use of discretion include:

    a. The enforcement of laws,
    b. The use of force, and
    c. The resolution of conflicts or disputes.

4. Officer's discretion may be restricted or eliminated entirely by:

    a. Law, Statute or City Ordinance;
    b. Court decisions;
    c. Rules and regulations of the Department;
    d. A lawful order by a superior.
5. Any of the above may require certain actions in specific situations, effectively eliminating the employee's discretion. In addition, any of the above may prohibit certain actions, by an Officer in a given situation, effectively narrowing discretionary power by eliminating one or more potential responses.

**RESTRICTED LAW ENFORCEMENT DATA**
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

6. It is impossible to outline the precise parameters of discretion for every type of police activity. However, concerning misdemeanors, it is generally desired that officers exercise discretion in a manner that is consistent with:

    a. Philosophy and goals of the Department,
    b. The Code of Ethics and Rules of Conduct of the Department,
    c. Pertinent laws and court decisions,
    d. Direction, supervision, and orders received from superiors,
    e. Departmental policies and procedures, and
    f. The sense of justice and fairness that would be expected by the ordinary, reasonable, and prudent member of the community.

Post Arrest Release Citations by Officers instead of Booking

When it is lawful for a Police Officer to arrest a person without a warrant for a misdemeanor, he may give a written Post Arrest Release Citation instead of requiring booking and posting of bond if all of the following exist:

   a. The officer has reasonable grounds to believe that the person will appear in court;

   b. The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;

   c. The person's identify has been verified and an on-duty supervisor approves the release.

   d. A Post Arrest Release Citation can be issued in most misdemeanor drug related arrests.

In any case in which a Post Arrest Release Citation has been issued, a warrant of arrest may later be issued in its place.

Arrestee Care & Responsibility:

The care, custody, control, and safety of suspects are the responsibility of all officers having direct control over the arrestee. This responsibility remains in effect until the suspect is released to person(s) outside the officer's control. Arresting officers are required to reasonably protect suspects from other suspects, victims, fellow officers, and self-inflicted injuries. In some instances, this may not be an easy task and will require assistance from other officers.

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

Extenuating Circumstances

Foreign Diplomatic/Consular Officials

1. Diplomatic and Consular Officers should be accorded their respective privileges, rights, and immunities as directed by international law and federal statute. These officials should be treated with the courtesy and respect that befit their distinguished positions. At the same time, it is the duty of all persons enjoying such privileges and immunities to respect local laws and regulations.

2. Diplomatic immunity, a principle of international law, is broadly defined as the freedom from local jurisdiction accorded to duly accredited Diplomatic Officers, their families, official staff, and servants who are neither nationals of nor permanent residents in the receiving state. They are protected by unlimited immunity from arrest, detention, or prosecution with respect to any civil or criminal offense under current United States Law (22 U.S.C.252).

3. Ambassadors and Ministers are the highest-ranking diplomatic representatives of a foreign government. Other diplomatic titles are Minister Counselor, Counselor, First Secretary, Second Secretary, Third Secretary, and Attaché. Diplomatic Officers, their families, official staff and servants are protected by unlimited immunity from arrest, detention or prosecution with respect to any civil or criminal offense; and

4. The State Department can identify Career Consular officials by credentials issued. The State Department credential bears its seal, the name of the Official, his title, and the signatures of State Department officials. Honorary Consular Officials do not receive identification cards from the State Department, but may exhibit reduced size copies of the diplomatic note evidencing recognition by the United States Government. These individuals are not immune from arrest or detention. Family members of a Consular Official cannot claim immunity.

United States Congressmen/State Legislators

1. According to State Law, members of the United States Congress, in accordance with law, will in all cases except treason, felony and breach of the peace, be immune from arrest during their attendance at the session of their respective houses, and in going to and returning from the same; and for any speech or debate in either house; they will not be questioned in any other place; and

2. Members of State Legislatures in some cases have the same immunity granted to members of Congress. The common law prevails which privileges them from arrest while attending, going to or returning from a session of their respective

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

houses.

Military Personnel

1. Military personnel are subject to all Federal and State laws, and local ordinances while in the City of Biloxi. Officers arresting a member of the military should consider contacting the nearest appropriate military law enforcement agency and briefing them on the arrest. If the arrest is for misdemeanor charges, consideration should be given to allowing a ranking member in the arrestee's chain of command to sign the surety bond and take control of the arrestee. Felony arrests will be processed in accordance with department policy 4.10.

2. Armed forces personnel, for these purposes, will include regular members of the Army, Navy, Air Force, Marine Corps, Coast Guard, National Guard and reservists who are on active duty.

RESTRICTED LAW ENFORCEMENT DATA
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.