# Complaints By Officer / Division

**Officer**

**Garner, Kenneth**

| Division | Date | Number | Investigator | Assigned | Type | Racial | Completed | Officer Disposition | Action Taken |
|---|---|---|---|---|---|---|---|---|---|
| Patrol | 2/24/2009 | 09-004 | Sgt. Goldsworthy | 2/3/2009 | Citizen - FORMAL | No | 3/30/2009 | Exonerated | None |

| | | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | unprofessional conduct | | Rude | | Exonerated | |

| | 1/14/2010 | 10-002 | Sgt. Goldsworthy | 1/28/2010 | Citizen - FORMAL | No | 2/2/2010 | Unfounded | None |
|---|---|---|---|---|---|---|---|---|---|

| | #: 1 | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | Harassment by Officer | | Harassment | | Unfounded | |

| | 8/11/2010 | 10-015 | Captain Murphy # | 8/11/2010 | Citizen - FORMAL | Yes | 8/17/2010 | Unfounded | None |
|---|---|---|---|---|---|---|---|---|---|

| | | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | Abuse of authority | | tried to enter house with out permission | | Unfounded | |
| | #: 2 | unprofessional conduct | | aggressive looks | | Unfounded | |

| | 3/4/2011 | 11-002 | Sgt Campbell | 3/5/2011 | Citizen - FORMAL | No | 6/7/2011 | Exonerated | None |
|---|---|---|---|---|---|---|---|---|---|

| | | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | Excessive Use of Force | | Excessive Force | | Exonerated | |

| | 4/11/2013 | 13-011 | Sgt Helmert | 4/22/2013 | Citizen - Formal | No | 5/15/2013 | Unfounded | None |
|---|---|---|---|---|---|---|---|---|---|

| | | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | Intimidation | | Excessive Force | | Unfounded | |
| | #: 2 | Privacy Violation | | Rights Violation | | Unfounded | |

| | 12/29/2015 | 16-002 | Captain Patterso | 1/8/2016 | Citizen - Formal | No | 1/21/2016 | Exonerated | None |
|---|---|---|---|---|---|---|---|---|---|

| | | Type Of Complaint | | Description | | Complaint Disposition | |
|---|---|---|---|---|---|---|---|
| | #: 1 | Abandoned child | | Abandoned child after arrest | | Exonerated | |
| | #: 2 | Excessive Use of Force | | Physically abusive | | Exonerated | |
| | #: 3 | Illegal search | | Unlawful Search | | Exonerated | |
| | #: 4 | Unlawful arrest | | Arrested without cause | | Exonerated | |

**6 100.0%** Of The Entries Garner, Kenneth Was Involved.

*(handwritten: Pull This one)*

*(left margin, vertical: Garner - 658)*

| 6 Different Complaints | 9 Different Complaint Issues | 1 Different Officers Involved | 11 Totals Entries (Officers and Complaints Alleged) |
|---|---|---|---|

Exhibit 17



Biloxi Police Department

# Complete Details For 09-004

| | | | | |
|---|---|---|---|---|
| **Date Complaint Taken:** 2/26/2009 | **Date Occurred:** 2/24/2009 | **Racial:** No | **Case No.:** | **No. Type:** Phone |
| **Incident:** FORMAL Citizen Complaint | | **Type:** Citizen's | | **Occured:** On Duty |
| **Location Occurred:** Not Stated | | **District/Area:** Not Stated | | |
| **Complainant:** ████████ | | **Sex:** Female | **Race:** White | |
| **Complainant's Address:** ████████ | | **Home Phone:** ████ | | |
| **Cell Phone:** | **Business Phone:** | **Email Address:** | | |
| **Assigned:** Sgt. Goldsworthy #119 | | **Date Assigned:** 2/3/2009 | **Days Case Due In:** 30 | **Date Due:** 3/5/2009 |
| **Current Case Disposition:** Exonerated | | **Date Completed:** 3/30/2009 | | |
| **Complainant Satisfaction:** | | **Satisfaction Comments:** | | |

**Summary:** Ms. ████ feels Officer Garner has aggression issues that need to be addressed before they escalate. During the Mardi Gras day festivities she entered the parade route and was crossing between floats when confronted by Officer Garner. Garner allegedly grabbed her and spoke to her in an unprofessional manner.

**Complaint**

| Type Of Complaint | Description | Complaint Disposition |
|---|---|---|
| unprofessional conduct | Rude | Exonerated |

**Officer**

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Garner, Kenneth | 205 | Patrolman 1st | Patrol | YES |

**Witness**

| Name | Sex | Race | Type of Witness | | |
|---|---|---|---|---|---|
| ████ | F | | Friend | **Home Phone:** ████ | |
| | | | | **Bus Phone:** ████ | **Cell Phone:** ████ |

**Witness Notes:**

**Narrative:** Ms ████ and her 7 year old daughter were at the Mardi Gras day festivities and crossed a crowd control barricade to see contact people she knew on a float. She was confronted by Officer Garner who was responsible for that area and told not to cross the barricades, to which she told him he did not have to act like an ass (a comment she repeated twice). He then grabbed her and escorted her out of the parade area. She, and a witness of hers, believes he acted to harshly; however, the supervisor assigned to investigate this incident opined that Garner acted within reason.

Garner - 659

# Complete Details For 10-002



**Date Complaint Taken:** 1/14/2010    **Date Occurred:** 1/14/2010    **Racial:** No    **Case No.:** 10-0000963    **No. Type:** In Person

**Incident:** FORMAL Citizen Complaint    **Type:** Citizen's    **Occured:** On Duty

**Location Occurred:** Not Stated    **District/Area:** Not Stated

**Complainant:** ████████    **Sex:** Male    **Race:** White

**Complainant's Address:** ████████    **Home Phone:** ████████

**Cell Phone:**    **Business Phone:** ████    **Email Address:**

**Assigned:** Sgt. Goldsworthy #119    **Date Assigned:** 1/28/2010    **Days Case Due In:** 7    **Date Due:** 2/4/2010

**Current Case Disposition:** Unfounded    **Date Completed:** 2/2/2010

**Complainant Satisfaction:**    **Satisfaction Comments:**

**Summary:** Mr. ████ felt Biloxi officers were harassing him on several occasions, however he could only point out two actual situations. One was a 911 hang up from his residence and another was an accident he was involved in.

**Complaint**

| Type of Complaint | Description | Complaint Disposition |
|---|---|---|
| Harassment by Officer | Harassment | Unfounded |

**Officer**

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Garner, Kenneth | 205 | Patrolman 1st | Patrol | NO |
| Palmer, Eugene | 149 | Patrolman 1st | Patrol | YES |

**Narrative:** Mr. ████ reported that he feels several Biloxi officers are harassing him when in is in the city or at home. He could only show two incidents one at home and one where he was involved in a traffic accident. He recently decided to file the complaint after he was told the ticket for the accident was not being dropped and he needed to dispute the ticket in court. When speaking with Mr. ████ became very erratic in his behavior and seemed paranoid while speaking with me. He started to yell on the phone and when I asked him to calm down by using his name he started to scream "how do you know my name?" "You're one of them aren't you?" He only settled down after I spent several minutes repeating myself and telling him he provided the name to dispatch as part of the complaint. The third time we spoke his main concern again was to have the tickets dropped. He was told that all the information I collected lead me to believe the only issue was the tickets not harassment. He stated that he had went to the Directors office at the police department and had the chiefs office handling the complaint. When speaking with the Director he advised me to close out the investigation. I feel the officers did nothing to show harassment towards Mr. ████ Therefore I am closing the complaint as unfounded.

Garner - 660

# Complete Details For 10-015



| | | | |
|---|---|---|---|
| **Date Complaint Taken:** 8/11/2010 | **Date Occurred:** 8/11/2010 | **Racial:** Yes | **Case No.:** 10-19441 | **No. Type:** In Person |

**Incident:** FORMAL  Citizen  Complaint    **Type:** Citizen's    **Occured:** On Duty

**Location Occurred:** Not Stated    **District/Area:** Not Stated

**Complainant:** ▉▉▉▉    **Sex:** Male    **Race:** African American

**Complainant's Address:** ▉▉▉▉    **Home Phone:** ▉▉▉▉

**Cell Phone:**    **Business Phone:**    **Email Address:**

**Assigned:** Captain Murphy #72    **Date Assigned:** 8/11/2010    **Days Case Due In:** 7    **Date Due:** 8/18/2010

**Current Case Disposition:** Unfounded    **Date Completed:** 8/17/2010

**Complainant Satisfaction:**    **Satisfaction Comments:**

**Summary:** Mr. ▉▉ Filed a complaint after being arrested for abuse of 911.  Mr. ▉▉▉ was at home when Officers contacted him while looking for a wanted fugitive.  Mr. ▉▉▉ stated the officers were aggressive toward him an attempted to enter his house with out permission.

**Complaint** Type Of Complaint

| Type Of Complaint | Description | Complaint Disposition |
|---|---|---|
| Abuse of authority | tried to enter house with out permission | Unfounded |
| unprofessional conduct | aggressive looks | Unfounded |

**Officer** Name

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Dedual, Matthew | 146 | Patrolman 3rd | Patrol | NO |
| Garner, Kenneth | 205 | Patrolman 1st | Patrol | YES |

**Witness** Name

| Name | Sex | Race | Type of Witness | |
|---|---|---|---|---|
| ▉▉▉▉ | f | African American | Neighbor | Home Phone: H #:▉▉ |
| ▉▉▉▉ | | | Bus Phone: H #:▉▉▉▉ | Cell Phone: H #:▉▉▉▉ |

Witness Notes: was sitting across the street at time of incident.

**Witness** Name

| Name | Sex | Race | Type of Witness | |
|---|---|---|---|---|
| ▉▉▉▉ | f | African American | wife | Home Phone: |
| ▉▉▉▉ | | | Bus Phone: | Cell Phone: |

Witness Notes:

**Narrative:** Complaint Investigation

On 08/11/10 at approximately 2208 hours, Mr. ▉▉▉ requested to speak with a Supervisor in reference to a complaint on Officer Garner #205.  I met with Mr. ▉▉▉ in the front lobby where he handed me a written two-page complaint.  I reviewed the complaint and found it to be a class two type. I requested Mr. ▉▉▉ explain what happened.  Mr. ▉▉▉ stated Officer Garner was aggressively banging on the door.  Mr. ▉▉▉ answered the door and Officer Garner started aggressively entering the home.  Mr. ▉▉▉ then states that he did not know what going on and stopped Officer Garner by stepping in front of him.  Mr. ▉▉▉

Garner - 661



states that Officer Garner mention that Mr. ███ son might be in the house and repeatedly attempt to enter the house aggressively. Mr. ███ states that Officer Garner was very aggressive and repeated that if Mr. ███ was harboring a fugitive, he was going to jail. Mr. ███ states Officer Garner informed him of this at least four times. Mr. ███ stated he told Officer Garner that he "could not enter his house like that". Mr. ███ asked Officer Garner to step outside and talk about his son. Mr. ███ continues, stating that Officer Garner told him that he was going to search his property without his permission even after Mr. ███ asked if there was any probable cause. Mr. ███ then stated he received an aggressive look from Officer Garner who continued to patrol his property.

Mr. ███ stated he then called 911 because He asked Officer Garner to leave four or five time and because of Officer Garner's attitude. Mr. ███ stated he called to have another Officer respond. He did not know what Officer Garner was capable of or what he would do. Mr. ███ expressed that Officer Garner had no professionalism, courtesy or respect for Mr. ███

I found several descriptive actions, reported by Mr. ███ to have been committed by Officer Garner lacking in clarity. In addition, several inconsistencies between his written statement and his verbal statement. When I questioned Mr. ███ he was unable to articulate how Officer Garner was aggressively trying to enter his house. Mr. ███ was question directly, if Officer Garner pushed him, attempted to step past him or threatened him. Mr. ███ stated "no". When asked what was aggressive, Mr. ███ stated, "he would have entered the house if I let him." Mr. ███ was asked again, what was aggressive about Officer Garner's actions. Mr ███ was asked how Officer Garner aggressively looked at him. Mr. ███ could only state, "by tilting his head". Mr. ███ stated that maybe I would not see them as aggressive but he felt they were. Mr. ███ was asked if at any time he asked to speak with a supervisor or a different Officer. He stated no, because the officers would not have listened.

Officer Garner was advised of the written complaint. He was directed to down load any video / audio of the incident and complete a narrative about the incident. Officers Dedual and Manning were given the same instructions.

Officer Garner was interviewed and stated he was dispatched to ███ after Dispatch received a BOLO. The BOLO was from the US Army listing B/M Rion ███ as a wanted, with Armed and Dangerous, Violent Tendencies warning. The BOLO listed ███ as possibly living at ███. Officer Garner stated He and Officer Dedual arrived on scene, Officer Garner moved to the rear of the property and he moved to the front door.

Officer Garner stated he opened the glass door and knocked on the inner wooden door. Someone asked, "Who is it" Officer Garner replied "Biloxi Police Department". Mr. ███ opened the wooden door and Officer Garner opened the glass door asking, "Is this ███". Officer Garner placed his lead foot on the threshold of the door.

Officer Garner then asked if ███ was there. Mr. ███ responded with a hesitant "no". Officer Garner then asked if he could check the residence to ensure the suspect was not in the home. Mr. ███ then stated he did not want Officer Garner to enter. Officer garner advised Mr. ███ that his son, ███ was a wanted fugitive. Mr. ███ stated he was aware of this and that his son had turned himself in to the military and Officer Garner needed to check with them. Officer Garner informed Mr. ███ the military had requested us to check for his son who was still wanted. Mr. ███ looked back toward the kitchen and stated ███ was not in the home. Officer Garner asked again if he could check the home. Mr. ███ refused. Officer Garner stated that because of Mr. ███ hesitation and looking toward the kitchen, he told Mr. ███ that if his son was in the home, he could be arrested for harboring a fugitive. Mr. ███ became upset and told Officer Garner he would speak to him outside. Once outside, Officer Garner stated, Mr. ███ accused him of trying to force his way into the house. Officer Garner told Mr. ███ he never crossed the threshold. Mr. ███ replied that Officer Garner was ready to walk in the house. Officer Garner then stated Mr. ███ demanded he call Lt. Darden and stated he could check the house. Mr. ███ stated he knew the law and implied that Officer Garner had force his way into home. Officer Garner stated that Mr. ███ asked him to leave.

Officer Garner stated he told Mr. ███ he was leaving and turned to walk away when Mr. ███ began to yell at Officer Garner to leave a different way. Mr. ███ then started yelling this is "my property" and Officer Garner had no right to stay on the property. Officer Garner stated he tried to explain to Mr.███ that he was attempting to contact Officer Dedual who was at the rear of the house. Officer Garner stated he walk to the rear of the house and told Officer Dedual that they were leaving. While doing this, Mr. ███ yelled that he was calling the law and demanded Officer Garner's name and badge number. Officer Garner gave both to Mr. ███. Officer Garner stated he walk out of the yard toward his unit when Mr. ███ followed them into the roadway. Officer Garner stated he heard Mr. ███ speaking on his cell phone stating something to the effect that he was having problems with a couple of officers. Officer Garner contacted dispatch by radio and confirmed that Mr. ███ was calling dispatch by use of 911. Dispatch confirmed this and Mr. ███ was arrested for abuse of 911. Officer Garner stated that Mr. ███ was cooperative and did not resist the arrest but did yell for his wife to call Lt. Darden. While at the station, Mr. ███ states to Officer Garner that he is friends with Mayor Holloway, Director Miller, and Councilmen Stallworth.

Officer DeDual's narrative and statement are consistent with Officer Garners. Officer Dedual was at the rear of the house, did not witness anything until Officer Garner came to the rear, and told him they were leaving. Officer DeDual's is walking to his unit when Mr. ███ demand his name and badge number. Officer Dedual give the information to Mr. ███ who is talking to Dispatch requesting different officers respond. Officer Dedual states Officer Garner arrests Mr. Gines who yells for his wife to call "Darden". Officer Dedual then transports Mr. ███ to the station.

Garner - 662

# Complete Details For 10-015



Officer Manning's narrative and statement show he arrived as Mr. ███ was making the call to 911. Officer Manning's Statement is consistent with Officers Dedual' and Garner.

On 08/15/10 at 1937 hours, I met with Mrs. ████████ at ███████. Mrs. ███ was asked to describe what took place when her husband was arrested. Mrs. ███ stated she heard a knock on the door. She was in her sleeping attire and moved to the other room. Mr. ███ opened the door and met with Officer Garner. She stated that Officer Garner was trying to look into the house. Officer Garner asked what address this was and if ███ was home. Mrs. ███ then stated her husband told Officer Garner that he would talk with him outside and walked Officer Garner out, shutting the door. Mrs. ███ stated she did not hear anything after that until she hears her husband yelling. She looked out to see her husband in handcuffs. When asked directly if she would describe Officer Garner mannerisms as aggressive, abusive or threatening she stated "not while in the house.

I asked Mrs. ███ if she knew of any witnesses to the incident. She stated the neighbor across the street. I walked next door and spoke with Ms. ████████ of ██ ███████. She stated she watched as the officers arrived, one went to the back and one went to the front. Mrs. ███ opened the door. Mr. ███ then came to the door. The Officer then tried to walk in the house. Mr. ███ stopped the Officer and walked him outside to talking with the Officer about his son. The Officer "got smart" and Mr. ███ told the officer to get back to the gate. The Officer then said he had search warrant. Mr. ███ stated that he did not have any papers. The Officer then "ruffed up" Mr. ███. Ms. ███ stated she was going to record the incident on her phone but decided not to. Ms. ███ was asked if the Officer ever pushed or hit Mr. ███. Ms. Brimage stated that when the officer tried to enter the house, the officer pushed Mr. ███ back inside the house. Mr. ███ then walked the Officer out who then pushed him again. Ms. ███ stated that the Officer was cussing at Mr. ███ as well. Ms. ███ was asked to identify any other witnesses. She stated there were many people but they do not talk to police.

I reviewed Officer Garner's audio recording of the incident and found that Officer Garner description of the incident were accurate. He knocks on the door, identifies himself. Explains why he is there and request to check the house for the ███. Mr. ███ refused; Officer Garner warns that if he is in the house Mr. ███ could be arrested. Mr. ███ stated he understood and did not want Officer Garner to enter. Mr. ███ then states that Darden could check. Officer Garner tells Mr. ███ that he is leaving. Mr. ███ becomes loud and demands Officer Garner leave his property. Officer Garner tries to explain that Officer Dedual is at the rear of the house. Mr. ███ follows Officer Garner and escalates the incident. Mr. ███ tell Officer Garner that he is trespassing. Officer Garner attempt to explain to Mr. ███ that he is attempting to contact Officer Dedual. Mr. ███ calls 911 on his cell phone and requests more police to remove the police on scene. Mr. ███ demands to know the Officers name and badge number. Both Officers comply with his requests. Officer Garner checks with dispatch to see if he is in fact calling 911. Mr. ███ is arrested and yelled for his wife the call Lt. Darden.

When I interviewed Mr. ███ his unable to articulate how Officer Garner was aggressively trying to enter his house. Mr. ███ was question directly, if Officer Garner pushed him, attempted to step past him or threatened him. Mr. ███ stated "no". When asked what was aggressive, Mr. ███ stated, "he would have entered the house if I let him." Mr. ███ was asked again, what was aggressive about Officer Garner's actions. Mr. ███ stated that maybe I would not see them as aggressive but he felt they were. Mr. ███ made other statements that were inconsistent with the recording. Mr. ███ written complaint states that "But Officer Garner told me (███) what he was going to do searching my property without permission even when I ask was there any probable cause". At no time does Officer Garner make any such statement. After Mr. ███ denies the request to search, Officer Garner tells Mr. ███ he is leaving.

Mrs. ███ was limited in what she saw and heard. Her statement does conflict with the recording or Officer Garner's statement.

Ms. ███'s statement is inconsistent with Mr. ███ statement. Officer Garner's statement and the recording. Ms. ███ states she witnessed Officer Garner pushing Mr. ███ and entering the house. This never took place.

I believe that Officer Garner acted properly given the circumstances. Mr. ███ directly caused the escalation of the incident and his own arrest.

I find the complaint to be Unfound (Allegation is false or not factual)

Mr. ███ was contacted on 08/17/10 and responded to my office, I played Officer Garner's audio and the 911-call recording for him. I explained my finding to him. He stated he did not agree.

Garner - 663

# Complete Details For 11-002



**Garner - 664**

| | | | | | |
|---|---|---|---|---|---|
| Date Complaint Taken: | 3/4/2011 | Date Occurred: | 3/4/2011 | Racial: | No | Case No.: | 08-013245 | No. Type: | In Person |

Date Complaint Taken: 3/4/2011   Date Occurred: 3/4/2011   Racial: No   Case No.: 08-013245   No. Type: In Person

Incident: FORMAL Citizen Complaint   Type: Citizen's   Occured: On Duty

Location Occurred: Not Stated   District/Area: Not Stated

Complainant: ▓▓▓▓▓▓   Sex: Female   Race: White

Complainant's Address: ▓▓▓▓▓▓   Home Phone:

Cell Phone:   Business Phone:   Email Address:

Assigned: Sgt Campbell   Date Assigned: 3/5/2011   Days Case Due In: 7   Date Due: 3/12/2011

Current Case Disposition: Exonerated   Date Completed: 6/7/2011

Complainant Satisfaction:   Satisfaction Comments:

Summary: While attempting to arrest ▓▓▓▓ in apartment 112, at Beauvoir Manor Apartments, ▓▓▓▓▓ reported she had been pushed out of the door way by Officer Garner. Ms. ▓▓▓▓ said she heard a knock at the apartment door, answered the door and found Officers Cummings and Garner standing there. They asked for ▓▓, explaining they needed to talk to him. Ms. ▓▓▓▓ said she opened the door wider and stepped back, allowing the officers plenty of room for them to enter. She complained that when Officer Garner entered, for no reason, he placed his hands on her shoulders and shoved her out of the way. The shove caused her to go backwards into a table, causing her pain.

**Complaint**

| Type Of Complaint | Description | Complaint Disposition |
|---|---|---|
| Excessive Use of Force | Excessive Force | Exonerated |

**Officer**

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Garner  Kenneth | 205 | Patrolman 1st | Patrol | YES |

Narrative: On 03/04/2011, I spoke to ▓▓▓▓ at the front desk of the police department. She explained the complaint against Officer Garner using force against her to enter the apartment.
I spoke to Officers Garner, Cummings and Moen about the incident. After speaking to each officer separately, and having them write narratives, I concluded Officer Garner was justified in using force to move Ms. ▓▓▓▓. It is my belief she was making the complaint against Officer Garner because he signed charges against her for interfering with a Police Officer.
No Use of Force Report was done at the time due to MS ▓▓▓▓ not being arrested that day. What force Officer Garner used that day to enter the apartment and move Ms ▓▓▓▓ from her path of travel toward ▓▓▓▓ was justified.
There was no audio recording since the transmitters were too far from the police units. I did review the video records and could hear the audio drop off the recordings.
Officers Cummings, 223, and Moen, 150, were present during the incident and have written narratives.

# Complete Details For 13-011



| | | | | |
|---|---|---|---|---|
| **Date Complaint Taken:** 4/22/2013 | **Date Occurred:** 4/11/2013 | **Racial:** No | **Case No.:** 13-006037 | **No. Type:** In Person |
| **Incident:** Formal Citizen Complaint | | **Type:** Citizen's | | **Occured:** On Duty |
| **Location Occurred:** 238 B. Rodenburg Avenue | | | **District/Area:** Biloxi | |
| **Complainant:** ▮▮▮▮ | | **Sex:** Female | **Race:** African American | |
| **Complainant's Address:** ▮▮▮▮ | | | **Home Phone:** ▮▮▮▮ | |
| **Cell Phone:** (228) 229-7882 | **Business Phone:** | | **Email Address:** | |
| **Assigned:** Sgt Helmert | | **Date Assigned:** 4/22/2013 | **Days Case Due In:** 15 | **Date Due:** 5/7/2013 |
| **Current Case Disposition:** Unfounded | | **Date Completed:** 5/15/2013 | | |
| **Complainant Satisfaction:** | | **Satisfaction Comments:** | | |

**Summary:** On 22 April 2013, ▮▮▮▮ advised Investigators and Officers with the Biloxi Police Department entered her residence without a search warrant pointing rifles at her daughter, searched her residence, and then stayed inside the residence waiting on a search warrant. ▮▮▮ specifically mentioned Investigators David Elliott, Kenneth Garner, Officer John Doucet and six to seven other unknown officers. Sergeant Chris Deback took the complaint and Peyton said she would not add any further without speaking with Sergeant Helmert.
Helmert attempted to meet with ▮▮▮ on 01 May 2013 but she was not able to meet. On 03 May 2013, ▮▮▮ received a handwritten notarized statement from Payton depicting the same circumstances. She specifically focuses on Officers pointing weapons at her daughter and the timing of her residence being secured along with the time the search warrant was signed.

## Complaint

| Type Of Complaint | Description | Complaint Disposition |
|---|---|---|
| Intimidation | Excessive Force | Unfounded |
| Privacy Violation | Rights Violation | Unfounded |

## Officer

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Doucet, John | 048 | Patrolman 1st | Patrol/Traffic | NO |
| Elliott, David | 209 | Patrolman 1st | CID/SCU | NO |
| Garner, Kenneth | 205 | Patrolman 1st | Patrol | NO |

## Witness

| Name | Sex | Race | Type of Witness | |
|---|---|---|---|---|
| ▮▮▮▮ | m | African American | Relative | **Home Phone:** |
| | | | **Bus Phone:** | **Cell Phone:** |

**Witness Notes:** Mr. ▮▮ provided no statement but was present during the time. Mr. ▮▮ was arrested due to controlled substances recovered from the residence and advised the search was illegal at that time.

**Narrative:** On 22 April 2013, ▮▮▮▮ advised Investigators and Officers with the Biloxi Police Department entered her residence without a search warrant pointing rifles at her daughter, searched her residence, and then stayed inside the residence waiting on a search warrant. ▮▮▮ specifically mentioned Investigators David Elliott, Kenneth Garner, Officer John Doucet and six to seven other unknown officers. Sergeant Chris Deback took the complaint and ▮▮▮ said she would not add any further without speaking with Sergeant Helmert.
Helmert attempted to meet with ▮▮▮ on 01 May 2013 but she was not able to meet. On 03 May 2013, Helmert received a handwritten notarized statement from ▮▮
depicting the same circumstances. She specifically focuses on Officers pointing weapons at her daughter and the timing of her residence being secured along with the

*Garner - 665*



time the search warrant was signed.

Investigators from CID planned an operation searching for a subject who had an active felony Arrest Warrant for Robbery. The residence at ▮▮▮▮▮▮▮ was identified as a location the subject had frequented. CID Investigators were assisted by members of the SCD and SRT in making contact at the residence due to the possibility of weapons being present. Once contact was established at the residence, Investigators were advised the subject was not at the residence but entry to verify was denied.

Investigator Garner was present with K-9 Jax who detected the odor of narcotics from within the residence at the front door. Justice Court Judge Fountain was advised and ordered the residence be secured pending the issuance of a Search Warrant due to the concerns for weapons and potential for destruction of evidence. Members of the SRT entered the residence and ensured it was secured with all occupants in a central location. The scene was then turned over to Investigator Garner. He was the only Biloxi Police Officer present for some period while Investigator Elliott typed a Search Warrant. He was later joined by Officer Aaron Allen. Both of which stayed on the front porch area while the occupants, ▮▮▮▮▮ her daughter, and ▮▮▮▮▮▮▮ were in the living room. Officer Doucet advised that while securing the residence no Officer pointed their weapons at any occupant and his after action report is attached to this complaint.

The two points of Ms. ▮▮▮▮▮ complaint are unfounded based on the information obtained from the Officers involved and this investigation.

Garner - 666

# Complete Details For 16-002

| | | | | |
|---|---|---|---|---|
| **Date Complaint Taken:** 1/8/2016 | **Date Occurred:** 12/29/2015 | **Racial:** No | **Case No.:** 15-031906 | **No. Type:** Phone |
| **Incident:** Formal Citizen Complaint | | **Type:** Citizen's | | **Occured:** On Duty |
| **Location Occurred:** 998 Cedar Lake Rd | | | **District/Area:** Biloxi | |
| **Complainant:** ████████ | | **Sex:** Female | **Race:** White | |
| **Complainant's Address:** ████████ | | | **Home Phone:** ████████ | |
| **Cell Phone:** | **Business Phone:** | | **Email Address:** | |
| **Assigned:** Captain Patterson | | **Date Assigned:** 1/8/2016 | **Days Case Due In:** | **Date Due:** |
| **Current Case Disposition:** Exonerated *PMY 11Feb16* | | **Date Completed:** 1/21/2016 | | |
| **Complainant Satisfaction:** did not respond | **Satisfaction Comments:** | | | |

**Summary:** Ms ████ is complaining that officers illegally searched her purse, used excessive force, and had no grounds to arrest her. She also claims that officers abandoned her seven year old daughter at Waffle House.

**Garner - 667**

### Complaint

| Type Of Complaint | Description | Complaint Disposition |
|---|---|---|
| Abandoned child | Abandoned child after arrest | Exonerated |
| Excessive Use of Force | Physically abusive | Exonerated |
| Illegal search | Unlawful Search | Exonerated |
| Unlawful arrest | Arrested without cause | Exonerated |

### Officer

| Name | ID Number | Rank | Division | On Alert |
|---|---|---|---|---|
| Garner, Kenneth | 205 | Sergeant | Patrol | YES |
| Manning, Kit | 180 | Patrolman 1st | Patrol | YES |

**Narrative:** On 01/08/2016, I spoke to Ms ████████ by phone when she was referred to me by the Chief's Office. She had been arrested on 12/29/2015 and wanted to make a complaint about her treatment. Below are her complaints, not necessarily in the order she presented them.

1 While she was eating breakfast at the Cedar Lake Waffle House, Officer Manning, without explanation, grabbed her purse and searched it. He then arrested her for no reason and physically abused her.

I requested and received a copy of the surveillance tape from Waffle House which clearly shows Officer Manning enter the Waffle House and engage Ms ████ in conversation for several minutes. According to Officer Manning's report, he asked Ms ████ for her identification and explained why he was there. The video also showed that Ms ████ never was served any breakfast as she claimed. Her behavior on the tape showed that she could not sit still. She was swaying back and forth in her seat and had both hands above her head for several minutes playing with her hair. Ms ████ appeared to be under the influence of an unknown substance and fumbled around in her purse for several minutes, never producing any identification. She was also trying to shield the purse from Officer Manning. Sgt Garner had arrived on scene and also observed that Ms ████ appeared to be trying to keep Officer Manning away from her purse. Officer Manning decided he was going to arrest her and asked her to come outside so the young juvenile, which turned out to be her daughter, would not have to see the arrest. Ms ████ was clutching a smaller purse which she removed from her larger purse and refused any attempt by Officer Manning to remove it. Both officers attempted to lead Ms ████ outside but she became physically resistive. Officers had no choice but to make the arrest inside the Waffle House. Ms ████ became combative and had to be taken to the ground and handcuffed.

2 Ms ████ claimed that she was physically abused by the officers. She claimed that she had bruising all over her body from the officers beating her.

I reviewed Officer Manning's L3 video and observed Ms ████ in the rear seat of Manning's unit acting very erratic. She was screaming and moving all over the rear seat with her hands cuffed behind her back. She was screaming that her back was hurt and she could not breathe. Her actions in the rear seat did not support her complaint



Her actions would support how she became bruised but it was by her own actions of rolling and thrashing around in the rear seat. Ms ▮ was transported by Officer Manning to Merit Health to be medically checked since she was complaining about her back. At Merit Health, Ms ▮ continued to be combative and uncooperative with the ER staff. She had to be handcuffed to the gurney for the protection of the ER staff. At Merit Health, Ms ▮ the ER staff could not perform any medical procedures or further evaluate her. The ER staff released Ms ▮ back to the officers for transport to BPD. Lt McKeig responded to Merit Health and much of Ms ▮ behavior was captured on his body camera which I also reviewed.

As Ms ▮ claimed that officers abandoned her daughter at the Waffle House.

Once Ms ▮ was being arrested, a Waffle House employee took the juvenile from the bar area to a table away from where the officers were having to struggle with Ms ▮. Once Ms ▮ was secure, officers started trying to make arrangements for the juvenile. DHS was contacted and responded. An adult daughter of Ms ▮ came to the Waffle House and DHS turned the juvenile over to her. Officer Keckler had responded to the Waffle House and remained there until the disposition of the juvenile was decided. Ms Clark from Hancock County DHS is handling the case.

I have concluded that the officers involved in this incident committed no violations of policy and their actions were completely justified. Officer Manning was investigating a reckless driving complaint and spoke to the reporting person at the Waffle House. The RP had followed Ms ▮ and identified her to Officer Manning. This was enough for Officer Manning to continue his investigation. Ms ▮ actions in the Waffle House justified an arrest. The purse she was trying to keep away from the officers contained a plastic baggie with a straw and a substance that tested positive for methamphetamine. Ms ▮ is clearly heard on Officer Manning's L3 saying that her daughter gave her the plastic baggie and that it contained Epsom salt. When I spoke to Ms ▮, she told me a friend gave her the Epsom salt for her injured finger. The substance has been sent to the crime lab for the official results but I have been informed that Epsom salt would not give a positive indication for meth.

During my several conversations with Ms ▮ she stated that she wanted all the charges against her dropped and an apology from the officers. She stated that she has contacted the District Attorney's Office and filed an online complaint with the State Attorney General's Office. I have not heard from either office and doubt she contacted them.

I called Ms ▮'s number but her husband answered. Since Ms ▮ told me in our conversations that her husband was aware of the complaint and he wanted to sign charges against the officers for abandoning her daughter, I felt it was appropriate to let him know the results of my investigation. I told him that there was no wrong doing by the officers. I told him that if his wife had any questions she could call me and I would explain it to her.

**Garner - 668**

# Biloxi Department of Police
## Citizen's Complaint Form

16-002

## Complainant Information

Last Name: ▮▮▮                First Name: ▮▮▮▮

Address: ▮▮▮▮▮▮▮▮▮▮

Home Phone: ▮▮▮▮▮▮        Work Phone:

How Was Complaint Received:

| ☐ In Person | ☒ By Phone | ☐ Mail In | ☐ Anonymous |

Date and Time Complaint Received: 01/08/16

Supervisor Receiving Complaint: Capt. Patterson

## Incident Overview

Officer Involved (Name and Badge #): Manning 180

Officer Involved (Name and Badge #): Sgt Garner 205

Ms ▮▮ is complaining that officers illegally searched her purse, used excessive force, and had no grounds for arresting her. She also claimed that officers abandoned her seven year old child at the Waffle House.

Unit Assign Investigation  ☒ Patrol  ☐ CID/SCU  ☐ PSU  ☐ Other

Officer Assigned to Investigate: Capt Patterson

Date Assigned: 01/08/16              Date Completed: 01/21/16

## Disposition

| ☐ Unfounded | ☐ Sustained | ☐ Not Sustained |
| ☒ Exonerated | ☐ Sustained/Other | ☐ Partially Substantiated |

## Review

Division Commander: _(signature)_          Date: 2/3/16

Asst. Chief of Police: _(signature)_        Date: 2/11/16

Director of Police: _(signature)_           Date: 2/15/16

**Police Chief**

John B. Miller



170 Porter Avenue

Biloxi, Mississippi 39530

Office: 228.435.6100

Fax: 228.374.1922

Day Shift Patrol Operations

January 21, 2016



Dear ██████████,

This is to advise you that the complaint you filed against members of this department has been completed. I find the complaint is not valid and the officers involved are exonerated.

I feel there is no reason for any further investigation. If you wish to discuss this matter with me, do not hesitate to contact my office.

Captain Steve Patterson

**Garner - 670**

On 01/08/2016, I spoke to Ms ████████ by phone when she was referred to me by the Chief's Office. She had been arrested on 12/29/2015 and wanted to make a complaint about her treatment. Below are her complaints, not necessarily in the order she presented them:

1) While she was eating breakfast at the Cedar Lake Waffle House, Officer Manning, without explanation, grabbed her purse and searched it. He then arrested her for no reason and physically abused her.

I requested and received a copy of the surveillance tape from Waffle House which clearly shows Officer Manning enter the Waffle House and engage Ms ███ in conversation for several minutes. According to Officer Manning's report, he asked Ms ███ for her identification and explained why he was there. The video also showed that Ms ███ never was served any breakfast as she claimed. Her behavior on the tape showed that she could not sit still. She was swaying back and forth in her seat and had both hands above her head for several minutes playing with her hair. Ms ███ appeared to be under the influence of an unknown substance and fumbled around in her purse for several minutes, never producing any identification. She was also trying to shield the purse from Officer Manning. Sgt Garner had arrived on scene and also observed that Ms ███ appeared to be trying to keep Officer Manning away from her purse. Officer Manning decided he was going to arrest her and asked her to come outside so the young juvenile, which turned out to be her daughter, would not have to see the arrest. Ms ███ was clutching a smaller pusre which she removed from her larger purse and refused any attempt by Officer Manning to remove it. Both officers attempted to lead Ms ███ outside but she became physically resistive. Officers had no choice but to make the arrest inside the Waffle House. Ms ███ became combative and had to be taken to the ground and handcuffed.

2) Ms ███ claimed that she was physically abused by the officers. She claimed that she had bruising all over her body from the officers beating her.

I reviewed Officer Manning's L3 video and observed Ms ███ in the rear seat of Manning's unit acting very erratic. She was screaming and moving all over the rear seat with her hands cuffed behind her back. She was screaming that her back was hurt and she could not breathe. Her actions in the rear seat did not support her complaint. Her actions would support how she became bruised but it was by her own actions of rolling and thrashing around in the rear seat.

Ms ███ was transported by Officer Manning to Merit Health to be medically checked since she was complaining about her back. At Merit Health, Ms ███ continued to be

combative and uncooperative with the ER staff. She had to be handcuffed to the gurney for the protection of the ER staff. She remained uncooperative to the point

the ER staff could not perform any medical procedures or further evaluate her. The ER staff released Ms ███ back to the officers for transport to BPD. Lt McKaig responded to Merit Health and much of Ms ███ behavior was captured on his body camera which I also reviewed.

3) Ms ███ claimed that officers abandoned her daughter at the Waffle House.

As Ms ███ was being arrested, a Waffle House employee took the juvenile from the bar area to a table away from where the officers were having to struggle with Ms Ray. Once Ms ███ was secure, officers started trying to make arrangements for the juvenile. DHS was contacted and responded. An adult daughter of Ms ███ came to the Waffle House and DHS turned the juvenile over to her. Officer Keckler had responded to the Waffle House and remained there until the disposition of the juvenile was decided. Ms Clark from Hancock County DHS is handling the case.

I have concluded that the officers involved in this incident committed no violations of policy and their actions were completely justified. Officer Manning was investigating a reckless driving complaint and spoke to the reporting person at the Waffle House. The R/P had followed Ms ███ and identified her to Officer Manning. This was enough for Officer Manning to continue his investigation. Ms ███ actions in the Waffle House justified an arrest. The purse she was trying to keep away from the officers contained a plastic baggie with a straw and a substance that tested positive for methamphetamine. Ms ███ is clearly heard on Officer Manning's L3 saying that her daughter gave her the plastic baggie and that it contained Epsom salt. When I spoke to Ms ███ she told me a friend gave her the Epsom salt for her injured finger. The substance has been sent to the crime lab for the official results but I have been informed that Epsom salt would not give a positive indication for meth.

During my several conversations with Ms ███, she stated that she wanted all the charges against her dropped and an apology from the officers. She stated that she has contacted the District Attorney's Office and filed an online complaint with the State Attorney General's Office. I have not heard from either office and doubt she contacted them.

I called Ms ███'s number but her husband answered. Since Ms ███ told me in our conversations that her husband was aware of the complaint and he wanted to sign

charges against the officers for abandoning her daughter, I felt it was appropriate to let him know the results of my investigation. I told him that there was no wrong doing by the officers. I told him that if his wife had any questions she could call me and I would explain it to her.

Captain Patterson

Day Shift Operations

# CONTAINS JUVENILE INFORMATION
## BILOXI POLICE DEPARTMENT

### Offense / Incident Report

**GENERAL OFFENSE INFORMATION**    **Report Type:** Cumulative Report

| | | | |
|---|---|---|---|
| Agency | BILOXI POLICE | **Location** | 998 CEDAR LAKE RD |
| Case # | 15-031906 | | BILOXI MISSISSIPPI 39532 |
| File # | | | |
| Description | DISORDERLY CONDUCT / RESISTING ARREST / CHILD ENDANGERMENT / POSSESSION CONTROLLED SUBS | | |
| Incident Status | ACTIVE | **From Date/Time** | 12/29/2015 10:10 |
| | | **To Date/Time** | 12/29/2015 10:35 |
| | | **Report Date** | 12/29/2015 10:35 |
| Reporting Officer | MANNING, KIT | **Initial Rep. Date** | 12/29/2015 10:35 |

### OFFENSE(S)

| Offense | RESISTING OR OBSTRUCTING ARREST (MISD) | | |
|---|---|---|---|
| **Statute** | 97-9-73 | | |
| **Attempt Status** | COMPLETED | | |
| **Offense Status** | ACTIVE | | |
| **Location** | RESTAURANT | | |
| **Computer** | N | Alcohol N | Drug Y |
| **Weapons** | | | |
| **Criminal Activity** | | | |
| **Bias Type** | | Bias Motivation | |

| Offense | DISORDERLY CONDUCT; INTERFERENCE WITH BUSINESS, CUSTOMERS, INVITEES, ETC (MISD) | | |
|---|---|---|---|
| **Statute** | 97-35-5 | | |
| **Attempt Status** | COMPLETED | | |
| **Offense Status** | ACTIVE | | |
| **Location** | RESTAURANT | | |
| **Computer** | N | Alcohol N | Drug N |
| **Weapons** | | | |
| **Criminal Activity** | | | |
| **Bias Type** | | Bias Motivation | |

| Offense | DRIVING UNDER THE INFLUENCE-CHILD ENDANGERMENT-NO INJURIES 1ST (MISD) |
|---|---|

| | |
|---|---|
| Statute | 63-11-30 |
| Attempt Status | COMPLETED |
| Offense Status | ACTIVE |
| Location | RESTAURANT |
| Computer | N | Alcohol N | Drug Y |
| Weapons | |
| Criminal Activity | |
| Bias Type | | Bias Motivation |

| Offense | POSSESSION OF CONTROLLED SUBSTANCE SCHEDULE 1 OR 2 - (F) (SCHD) (FEL) |
|---|---|

| | |
|---|---|
| Statute | 41-29-139 |
| Attempt Status | COMPLETED |
| Offense Status | ACTIVE |
| Location | RESTAURANT |
| Computer | N | Alcohol N | Drug Y |
| Weapons | |
| Criminal Activity | POSSESSING/CONCEALING |
| Bias Type | | Bias Motivation |

| Offense | POSSESSION OF CONTROLLED SUBSTANCE SCHEDULE 3, 4 OR 5 -MISD (SCHD) |
|---|---|

| | |
|---|---|
| Statute | 41-29-139(c)(3)(A) |
| Attempt Status | COMPLETED |
| Offense Status | ACTIVE |
| Location | JAIL/PRISON |
| Computer | N | Alcohol N | Drug Y |
| Weapons | |
| Criminal Activity | |
| Bias Type | | Bias Motivation |

## COMPLAINANT

| Name | | Phone | |
|---|---|---|---|
| Address | | | |
| Race | W | Ethnic | N | Sex | M | DOB | (34) |
| Height | | Weight | | Hair | | Eyes | |
| S.S.N. | _ _ _ _ _ _ | DL & St. ******** | JRN# | |

Case No   15-031906

## VICTIM(S)

| | | | | | |
|---|---|---|---|---|---|
| Name | STATE OF MISSISSIPPI, | | | Phone | ___-___-___ |
| Address | | | | DOB | |
| Race | | Ethnic | Sex | Eyes | |
| Height | | Weight | Hair | | |
| S.S.N. | ___-___-___ | DL.& St. | JRN# | | |
| Type of Victim | SOCIETY/PUBLIC | Victim Of | Injury Type | | |
| Homicide/Assault Circumstance | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Name | ▓▓▓▓▓▓▓▓▓▓ | | | Phone | ___-___-___ |
| Address | ▓▓▓▓▓▓▓▓▓▓ | | | DOB | ▓▓▓▓(7) |
| Race | W | Ethnic N | Sex F | Eyes | |
| Height | | Weight | Hair | | |
| S.S.N. | ___-___-___ | DL.& St. | JRN# | | |
| Type of Victim | INDIVIDUAL | Victim Of | Injury Type | | |
| Homicide/Assault Circumstance | | | | | |

## SUBJECT(S)



| | | | | | |
|---|---|---|---|---|---|
| Name | ▓▓▓▓▓▓▓▓▓ | | | Phone | ▓▓▓▓▓ |
| Address | ▓▓▓▓▓▓▓▓▓ | | | DOB | ▓▓▓(42) |
| Race | W | Ethnic N | Sex F | Eyes BRO | |
| Height | 5'09" | Weight 145 | Hair BRO | | |
| S.S.N. | ***-**-**** | DL.& St. ******** | JRN# | | |
| Sub. Type | ARRESTEE | Arrest ID 15-007378 | Citation # | | |
| Notes | | | | | |

*(handwritten: 1 MARCH PLEA 2016)*

| | | | | | |
|---|---|---|---|---|---|
| Name | ▓▓▓▓▓▓▓▓▓ | | | Phone | ▓▓▓▓▓ |
| Address | ▓▓▓▓▓▓▓▓▓ | | | DOB | |
| Race | W | Ethnic N | Sex F | Eyes | |
| Height | | Weight | Hair | | |
| S.S.N. | ___-___-___ | DL & St. ******** | JRN# | | |
| Sub. Type | WITNESS | Arrest ID | Citation # | | |
| Notes | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Name | ▓▓▓▓▓▓▓ | | | Phone | ▓▓▓▓▓ |
| Address | ▓▓▓▓▓▓▓ | | | DOB | ▓▓▓(36) |
| Race | W | Ethnic N | Sex F | Eyes | |
| Height | | Weight | Hair | | |
| S.S.N. | ___-___-___ | DL & St. ******** | JRN# | | |
| Sub. Type | WITNESS | Arrest ID | Citation # | | |
| Notes | | | | | |

| Name | | | | | | |
|---|---|---|---|---|---|---|
| Address | | | | | Phone | |
| Race | W | Ethnic | N | Sex | F | DOB |
| Height | 5'03" | Weight | 125 | Hair | BRO | Eyes | BLU |
| S.S.N. | ***-**-**** | DL & St. | ******** | JRN# | |
| Sub. Type | WITNESS | Arrest ID | | Citation # | |
| Notes | | | | | | |

| Name | | | | | | |
|---|---|---|---|---|---|---|
| Address | | | | | Phone | |
| Race | W | Ethnic | N | Sex | F | DOB |
| Height | | Weight | | Hair | | Eyes |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | |
| Sub. Type | WITNESS | Arrest ID | | Citation # | |
| Notes | | | | | | |

## RELATIONSHIP(S)

| Person A | Relationship | Person B |
|---|---|---|

## VEHICLE(S)

| Details | 2004 HYUNDAI XG350 4-DOOR AUTOMOBILE | | |
|---|---|---|---|
| VIN | | | |
| Plate No | State | MS | Colors | WHITE |
| Impound | | Year | 2016 |
| | | Type | |

## PROPERTY

| Property Category | DRUGS/NARCOTICS | | Loss Type | EVIDENCE |
|---|---|---|---|---|
| Description | 180-01 BLACK HANDBAG CONTAINING SMALL BLACK BAG AND STRAW WITH PARAPHERNALIA | | | |
| Notes | | | | |
| Make | | Model | | Style |
| Serial No / VIN | | | | Color |
| Vehicle Year | | Plate No/ State/ Type | | |
| Loss Date | | Loss Quantity | | Loss Value |
| Rec Date | | Rec Quantity | | Rec Value |
| Drug Type | | Drug Quantity | | Drug UOM |

| Property Category | DRUGS/NARCOTICS | | | Loss Type | SEIZED |
|---|---|---|---|---|---|
| Description | 180-02 CLEAR PLASTIC BAGGY WITH RED LINE CONTAINING WHITE CRYSTAL SUBSTANCE (METHAMPHETAMINE) | | | | |
| Notes | | | | | |
| Make | | Model | | Style | |
| Serial No / VIN | | | | Color | |
| Vehicle Year | | Plate No/ State/ Type | | | |
| Loss Date | | Loss Quantity | | Loss Value | |
| Rec Date | | Rec Quantity | | Rec Value | |
| Drug Type | METHAMPHETAMINES | Drug Quantity | 1.4 | Drug UOM | GRAMS |

| Property Category | DRUGS/NARCOTICS | | | Loss Type | SEIZED |
|---|---|---|---|---|---|
| Description | 180-03 YELLOW TABLET LABELED E63 | | | | |
| Notes | | | | | |
| Make | CLONAZEPAM | Model | .5 MG | Style | PILLS |
| Serial No / VIN | | | | Color | YELLOW |
| Vehicle Year | | Plate No/ State/ Type | | | |
| Loss Date | | Loss Quantity | | Loss Value | |
| Rec Date | | Rec Quantity | | Rec Value | |
| Drug Type | SCHED 3, 4, & 5 | Drug Quantity | 1 | Drug UOM | DOSAGE UNITS |

| Property Category | DRUGS/NARCOTICS | | | Loss Type | SEIZED |
|---|---|---|---|---|---|
| Description | 180-04 04 YELLOW PILLS LABELED E 63 | | | | |
| Notes | | | | | |
| Make | NORCO | Model | 10/350 | Style | PILLS |
| Serial No / VIN | | | | Color | YELLOW |
| Vehicle Year | | Plate No/ State/ Type | | | |
| Loss Date | | Loss Quantity | 4 | Loss Value | |
| Rec Date | | Rec Quantity | | Rec Value | |
| Drug Type | SCHED 3, 4, & 5 | Drug Quantity | 4 | Drug UOM | DOSAGE UNITS |

| Property Category | DVD | | | Loss Type | EVIDENCE |
|---|---|---|---|---|---|
| Description | Exhibit 135-01 DVD WITH BODY CAMERA VIDEO OF SUSPECT AT HOSPITAL | | | | |
| Notes | | | | | |
| Make | | Model | | Style | |
| Serial No / VIN | | | | Color | |
| Vehicle Year | | Plate No/ State/ Type | | | |
| Loss Date | | Loss Quantity | | Loss Value | |
| Rec Date | | Rec Quantity | | Rec Value | |
| Drug Type | | Drug Quantity | | Drug UOM | |

## INVESTIGATOR

| Name | GOTTE, PATRICK | Assigned Date | 01/04/2016 | Supplement No | 0 |
|------|----------------|---------------|------------|---------------|---|

**Entered By**    MANNING, KIT

**Officer**      MANNING, KIT

**Supervisor**

# Incident # 15-031906 (*)

Known person was observed in an intoxicated state, irrational, and resistive. While attempting to place her under arrest, subject resisted arrest, and was found to be in possession of methamphetamine. Known subject yelled and screamed, disrupting the business , and was in the company of her 7 year old daughter.

# Incident # 15-031906

MANNING, KIT
INVESTIGATIVE NARRATIVE

On 29 December 2015 at about 1013 all units assigned to the north sector of the city, were dispatched to a possible intoxicated driver, traveling eastbound on I10, with a young juvenile in the car. While in route to I10, dispatch advised that the reporting party (R/P), who had been following them since the 26 mile marker, had followed them to the Waffle House at 998 Cedar Lake Rd. When I arrived I met with ▆▆▆▆▆▆▆▆▆▆, the R/P, in the parking lot, along with his wife ▆▆▆▆▆▆ who was in the passenger seat. Both parties stated they had been following the white Hyundai with MS Tag Disabled ▆▆▆▆ since the 26 MM. The ▆▆▆▆'s stated that at times the driver had almost ran other cars off the road, and had crossed into other lanes several times. The ▆▆▆▆'s stated that the driver appeared to be a small adult at first, since she was sitting so low in the seat, but when she sat up, they realized she was a full sized adult. ▆▆▆▆▆▆ said that when the driver got out of the car, she walked as if she were intoxicated, and a female juvenile, he estimated to be about 8 years old got out of the car going inside.

▆▆▆▆▆ led me inside and pointed out the driver and the juvenile sitting just inside the door, at the counter. I walked up to the white female, identified myself, explained why I was there, and asked for some identification. The female, later identified as ▆▆▆▆▆▆, said she had id in her purse, lifted the purse up to look in it, while appearing to shield my view of seeing in the purse. Sgt Garner #205, who was on scene, attempted to move to a position to see when ▆▆▆ opened her purse, but she turned and obstructed his view as well. While talking to ▆▆▆ I noticed that her eyes appeared dilated, with her pupils barely visible, they were so small. After several minutes of ▆▆▆ fumbling around her purse, and not producing identification, I asked if I could look inside. ▆▆▆ appeared reluctant, then reached into the purse, pulled out a black purse with a purple streak, and another clutch purse. As I reached for the large purse in an attempt to find some identification, ▆▆▆ pulled back the two small clutch purses she had.

Since ▆▆▆ was being so elusive, not providing any identification, and it appeared she was under the influence of a narcotic, I asked her to stand up, and step outside, with the intent of arresting her out of view of her child. As soon as ▆▆▆ stood up, I reached for her left hand, in order to lead her outside, she pulled back and clutched the purse harder. I grabbed ▆▆▆'s wrist and the bag, and attempted to pull it from her grasp, in order to secure it, and handcuff her. Sgt Garner, on the other side of ▆▆▆ was attempting to gain control of her right side. As ▆▆▆ continued to struggle, she began screaming and attempting to pull away from us, but I was able to get her into a wrist and elbow lock to keep her from pulling away. Since she was struggling so hard, yet complaining she had a hurt back, Garner couldn't gain control of her right side, so we put ▆▆▆ on the ground face down near the door.

Once on the ground I was able to handcuff the left wrist, and Garner managed to get her right hand out from under her body, and both hands were cuffed behind her back. ▆▆▆ continued yelling and screaming, complaining she had a hurt back. Once we were able to get full control over ▆▆▆, we got her off the ground, and moved her outside, so to stop disrupting the patrons inside the restaurant. We secured ▆▆▆ inside the back seat of my patrol car, and Garner went back inside check on the 7 year old daughter that ▆▆▆ had with her. Garner came back outside to advise that the waitress had taken the daughter into the office, so that she didn't see her mother acting the way she was. Checking in the bag that ▆▆▆ had defended, I found another black bag, and a straw that had a white substance inside. Inside the smaller black pouch I found a plastic baggy, with a red strip along the top, containing what appeared to be rock cocaine. After further inspection, by Garner, it was determined that it was most likely Methamphetamine (Meth). I contacted the narcotics investigator, Gotte #230, who later arrived on scene, tested the substance, which indicated properties of Meth.

▆▆▆ had been yelling and threatening everyone around, she repeatedly said that she had a hurt back, and needed to go to her Doctor. ▆▆▆ denied that the substance in the bag was Meth, insisting that it was Epsom Salts, and that her daughter had given it to her. ▆▆▆ screamed and yelled in the back of my car, turning herself in several different directions, at times having her lower back and feet in the back window dash. ▆▆▆ insisted that she needed Medical attention, and I told her that I

would transport her to Gulfport Memorial Hospital, but she demanded that she be taken to Merit Health (former Biloxi Regional). I transported ▇▇ to Merit Health for evaluation, handcuffing her to the bed, since she was being so aggressive.

When the nurses and Doctor came into the room to check ▇▇ out, she repeatedly yelled and screamed at them, even after they assured her they would help her if she would be still and cooperate with them. Medical personnel attempted to gather her temperature and blood pressure, but she pulled both instruments from her arms. Nurses repeatedly asked her to calm down and let them help her, and as they started to wheel her down the hall to get x-rays on her back, she continued yelling and thrashing around. The technician was unable to get ▇▇ to be still long enough to take an x-ray, so she was transported back to the examination room, where she continued being erratic and refused to comply. Medical personnel stated they had done all they could, and released her back into our custody. ▇▇ continued her aggressive actions, and loud screaming throughout the booking process.

Later ▇▇ was transported to Harrison County Detention Center by Officer Moen #150. At about 1300 I was dispatched to the ADC, deputies had located more controlled substances on her person. On arrival Deputy Langfitt #291 advised that he had located four schedule 4 pills, and one schedule 3 pills. The pills were taken from Langfitt, returned to Biloxi PD where they were dropped into evidence.

## Incident # 15-031906 (1)

### GARNER, KENNETH L
### INVESTIGATIVE NARRATIVE

On 29 December 2015 the Biloxi Police Department received a call regarding a reckless driver on interstate 10 eastbound heading into Biloxi.  Officer Manning and I were on a traffic stop on Lorraine Road when the call first came out.  A short time later dispatch advised that the caller, later identified as ███████████████, had followed the suspect to the Waffle House located at 998 Cedar Lake Road, and that he was standing by wanting to speak to the police.

Manning and I both responded.  Manning arrived before I did, and by the time I was able to get through traffic Manning was already inside the restaurant speaking to the suspect, later identified as ███████████  I went inside, but before going to Manning I used the restroom.

When I returned, Manning was continuing to converse with ████.  I heard ███ tell Manning that she had slipped discs in her back which caused her discomfort.  Manning questioned her regarding drug use or alcohol consumption.  I noticed ████ writhing in her chair; her upper body would move forward and back, she would grab her lower back, and in general would not sit still.

Manning asked her for identification.  ███ reached into an over sized purse which was sitting to ███'s left on the counter.  I knew that Manning would not be able to see into the purse and tried to move to a position where I could make sure she would not pull a weapon.  As I was doing this Manning asked ███ to set the purse on the stool next to her, so that he could see into the purse.

███ produced a birth certificate and said that she did not have her driver license on her.  Manning asked to see the birth certificate and ███ folded it up and put it back into her purse.  ███ continued to dig around in her purse, but did not appear to me to be actually making an effort to locate an ID.  Manning asked ███ if he could assist her with the search for her ID, and she agreed.  Manning began to check the purse and its contents for a license.

About this time dispatch advised that the Pascagoula Police Department was in pursuit of a vehicle on I10 and needed assistance.  I started to walk out of the store to go assist, since I was the only unit close enough to help.  Dispatch then advised to disregard the call.  About that time Manning called out me "Hey, Keith!"  I turned around and saw what had been a compliant and cooperative ███ clutching at a little black bag that Manning was holding and screaming "You don't have a right to search my stuff!"

I was not for sure what exactly was in the bag that Manning was holding, but I figured it must have been illegal since ███ was screaming and yelling about it.  I heard Manning telling ███ to stop and put her hands behind her back.  I grabbed ███ by the right arm and tried to pry her off of Manning.  That did not work.  I reached around ███'s neck area with my right hand and applied pressure to her hypoglossal nerve pressure point on the left side of her neck with the tips of my first three fingers.  At the same time, I leaned her head back into my chest to restrict her head movement so that the pressure point technique could be effective.  This is technique taught in the academy, and is part of the PPCT (Pressure Point Control Technique) system.

I was able to take a step backwards and force ███ to separate from Manning.  Manning was then able to grab a hold of ███'s left arm.  I transitioned to a "M.A.C.H. 1" control hold, which is taught in the "Controlled Force" defensive tactics system.  "M.A.C.H." stands for Mechanical Advantage Control Hold, and is simply a way of manipulating a persons body using leverage against them.

Manning and I attempted to escort ███ outside, since by this point she was yelling to other patrons things like "Help me!" "Call the police!" "Dial 911!" "They are killing me!" "They broke my back!" and other similar types of statements.  Manning and I assisted ███, who was also kicking and flailing around, to the floor.  We were able to handcuff her eventually in the doorway leading outside.

█████s seven year old daughter had been in the restaurant with her. By the time the fracas with █████ was over, I learned that the employees of Waffle House had removed the child to the office area, where she was eating. I spoke to the child and explained to her that her mom had made a mistake and would have to be put in time out for a while. The child asked me if that meant her mom was going to jail. I told her that it did but that it did not mean her mom was a bad person.

I asked dispatch to contact DHS. After several attempts at contacting DHS via phone and receiving no answer, dispatch had to contact the Gulfport Police Department to go by the office and contact a case worker. DHS case worker Shabrea Smith arrived on scene at 1142 (about an hour and five minutes after I asked dispatch to call them) and ultimately released the child to an older sister.

# Incident # 15-031906 (2)

## MCKAIG, TIM

I was called to the Waffle House at Cedar Lake for a use of force. Manning and Garner told me they had to take a highly intoxicated female to the floor to handcuff her. I viewed the in store video then proceeded to Merit Health ER to assist Manning with the female. She was already in an examination room when I got there. I turned on my body camera and recorded as much as I could. ((Ms. ▆▆ jerked had her hand cuffs and)) screamed continuously while she was there. She kicked and yelled disparaging remarks at anyone. I made a video with my body camera and dropped the DVD in evidence. She had to be physically carried from the ER to the unit. Again when we started to take her to the county, she had to be carried from the booking room to the van.

# Incident # 15-031906 (3)

LEWIS, JOHN S
## * INVESTIGATIVE NARRATIVE *

While working as the booking officer I saw a white female enter the front desk cubicle who I recognized as a woman who had been arrested a few days prior by our agency. I later identified the woman as ████████████ who was arrested on 29 December 2015 for disorderly conduct, resisting arrest, child endangerment, and possession of controlled substance. ████████was very belligerent the day she was arrested and appeared to be under the influence of narcotics.

████████ told the front desk clerk Adam that she wanted to file a report because she had been arrested without being read her Miranda rights or told why she had been arrested. Adam explained to her that it sounded like she wanted to make a complaint against the officers, but ████████would not listen to Adam and talked over him as he tried to explain the situation. ████████'s husband was with her as well, but we did not get his name at the time they were at the station.

Adam called Lt McKaig 135 to advise him of ████████ being at the front desk wanting a shift supervisor. However, ████████ yelled out that she refused to speak with Lt McKaig because he was one of the officers she was accusing of mistreatment. It was at this point I tried to assist Adam by pulling up the case in RMS for him to view and I told Adam that I had physically witnessed ████████s behavior the day she was arrested while she was in booking. Adam appeared frustrated with trying to explain what they needed to do, so I tried to assist him as best I could.

At first ████████said she had been assaulted by the arresting officers and her back was broken. However, she walked into the station without assistance and did not appear to be in any pain at the time she was here. When I tried to explain to her how to file her complaint, ████████ then changed her mind and wanted to file a report for child endangerment against the officers. ████████ said her seven (7) year old child had been left unattended at the Waffle House and given to a complete stranger after she was arrested. But I explained to her that Sgt Garner had waited with the child until the Department of Human Services (DHS) arrived on scene. ████████did not believe me and insisted her child had been given to a complete stranger.

████████ said she wanted to sign charges against the officer involved in her arrest, so I tried to explain to her (and her husband) the best way to file their complaint and allow the incident to be investigated. I provided them with a case card for the original incident and the names of the officers involved. ████████was not happy and called the Gulfport Police Department while in the cubicle to demand a police report be completed for the incident. I also explained for them to keep track of the court dates if they wished to contest the charges, as well as seek copies of the video evidence.

████████and her husband departed soon afterwards. I recorded the majority of our interaction on my digital audio recorder for record. I advised Lt McKaig of her

complaint and told him I had the incident recorded if he needed it for record.

CRN# 15-031906

**AFFIDAVIT** Child Endangerment

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

| INV. OFFICER: |
| ARRAIGNMENT: |
| TRIAL DATE: |
| DEF. ATTORNEY: |
| PLEA: |
| DISPOSITION: |

Before me Karen Kincaid _____ (Deputy Clerk of the City of Biloxi)

NAME 180 Manning ADDRESS _____ PHONE _____ makes oath that

NAME ███████ ADDRESS ███ PHONE ███████

on or about the 29 day of December , 20 15 , at 1035 o'clock AM M., in said City did

Did willfully + unlawfully operate a vehicle while under the influence of meth

while having her 7 year old in the vehicle with her

against the peace and dignity of the **CITY OF BILOXI, STATE OF MISSISSIPPI.**

AFFIANT _____

Sworn to and subscribed before me this the 29th day of December , 20 15

WITNESS ADDRESS PHONE

_____
(Deputy) City Clerk

*White - Court     Yellow - Administration     Pink - Defendant*

CRN# 15-031906

AFFIDAVIT    DISORDERLY CONDUCT-INTERFERING WITH BUSINESS, ETC  97-35-5

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before me Karen Kincaid (Deputy Court Clerk of the City of Biloxi)

Name 180 manning makes oath that

Name ▉▉▉▉▉▉▉▉▉ Address ▉▉▉▉▉▉▉▉▉ Phone ▉▉▉▉▉▉▉

on or about the 29 day of December, 2015, at 1035 o'clock (am) (pm), in said City

did willfully and unlawfully, while on the premises of 998 Cedar Lake Rd ,a business engaged in business transactions with members of Waffle House
the public, to-wit: ,prevent or seek to prevent or interfere with other
persons, expressly or impliedly invited upon said premises or prospective customers,
coming into or frequenting such premises in the normal course of the operation of said    business at 998 Cedar Lake Rd

against the peace and dignity of the CITY OF BILOXI, STATE OF MISSISSIPPI.

_Karen Kincaid_
AFFIANT

Sworn to and subscribed before me this the 29 day of Dec, 2015

(DEPUTY) COURT CLERK

WITNESS                    ADDRESS                    PHONE

_____          _____          _____

_____          _____          _____

CRN# 15-031906

AFFIDAVIT   RESISTING ARREST   97-9-73

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before me _Karen Kincaid_____ (Deputy Court Clerk of the City of Biloxi)

Name _180 Manning_____ Address _____ Phone _____ makes oath that

Name ████████████ Address ████████████ Phone ████████████

on or about the _29_ day of _December_, 2015, at _1035_ o'clock (am) (pm), in said City
did willfully and unlawfully resist by violence, threats, of in any other manner including running away, his lawful arrest by _180 Manning_
, at state law enforcement officer

against the peace and dignity of the CITY OF BILOXI, STATE OF MISSISSIPPI.

_____
AFFIANT

Sworn to and subscribed before me this the _29_ day of _December_, 20_15_

_____
(DEPUTY) COURT CLERK

WITNESS                ADDRESS                PHONE

_____        _____        _____

_____        _____        _____

Garner - 690

## ARRESTEE PERSONAL PROPERTY INVENTORY

ARRESTEE NAME: ███████████████

CASE NUMBER: 15-031906

ARRESTING OFFICER: Manning 180

BOOKING OFFICER: M/le A 150

## CURRENCY

| DENOMINATION | NUMBER | TOTAL | DENOMINATION | NUMBER | TOTAL |
|---|---|---|---|---|---|
| $100 | | | $1 (COIN) | | |
| $50 | | | HALF DOLLAR | | |
| $20 | | | QUARTER | | |
| $10 | | | DIME | | |
| $5 | | | NICKLE | | |
| $2 | | | PENNY | | |
| $1 | | | | | |

TOTAL (PAPER CURRENCY): _____

TOTAL (COIN CURRENCY): _____

TOTAL CASH COUNT: _____    COUNTER AND VERIFIER INITIALS AND ID#

## PERSONAL PROPERTY

| ITEM | AMOUNT | ITEM | AMOUNT |
|---|---|---|---|
| Watch | | Rings | |
| Comb | | Brush | |
| Lighter | | Cigarettes | |
| Cigars | | Knife | |
| Pen | | Belt | |
| Earrings | | Bracelet | |
| Necklace | | Car Keys | |
| Other Keys | | Wallet | |
| Purse | and Contents | Glasses | |
| Hat | | Coat | |
| Shirt | | Cellular Phone | |

OTHER ITEMS NOT LISTED ABOVE

_____

_____

_____

## CERTIFICATIONS

I CERTIFY THE ABOVE IS A TRUE AND CORRECT LIST OF MY PERSONAL PROPERTY AND CURRENCY AT THE TIME OF MY BOOKING

PRISONER SIGNATURE: Too Combative    DATE: 12/29/15

I CERTIFY I RECEIVED ALL PERSONAL PROPERTY REMOVED FROM MY POSSESSION AT THE TIME OF BOOKING

PRISONER SIGNATURE: Too Combative    DATE: 12/29/15

RELEASING OFFICER: R. My 150    DESK CLERK: _____

**Garner - 691**

# INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

| Biohazard | Number of Arrestees Involved: | 01 | NCIC Check Positive | Negative X N/A |
|---|---|---|---|---|

| Date of Original Report | 29 DEC 2015 | Time of Original Report | 1013 | Case Number | 15-031906 |
|---|---|---|---|---|---|

Type Offense

## POSSESSION OF METHAMPHETAMINE

Property Received From

Check if Unattended ☐

Address From Which Property Received ███████████████

| Officer Inventorying Property ID No. 180 Officer K. Manning | Date 29 DEC 2015 | Time 1035 |
|---|---|---|

Reason for Inventory

Evidence [X]   Found Property [ ]   Return to Owner [ ]   Other [ ]   Describe

Person Who Property Can Be Returned To

N/A

| Address & Phone Number | Contacted? |
|---|---|
| N/A | Yes [ ] No [ ] |

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|---|---|---|
| 180-01 | | BLACK HANDBAG CONTAINING BLACK POUCH AND STRAW WITH RESIDUE |
| 180-02 | | CLEAR PLASTIC BAGGY WITH RED STRIPE CONTAINING A WHITE CRYSTAL |
| | | SUBSTANCE TPW APPROX 1.4GM |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## CHAIN OF CUSTODY

| Item No. | Date | Possession | | Reason |
|---|---|---|---|---|
| 180-01 | 12/29/2015 | From | K. MANNING # 180 | |
| | | TO | NARCOTICS BOX | Evidence |
| 180-02 | 12/29/2015 | From | K. MANNING # 180 | |
| | | TO | NARCOTICS BOX | Evidence |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |
| | | From | | |
| | | TO | | |

Rev 07/2012

Reviewing Supervisor

No. _____ Name _____

# BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

| Biohazard | Number of Arrestees Involved: | 1 | NCIC Check Positive___ | Negative___ | N/A ✕ |

| Date of Original Report | 12/29/15 | Time of Original Report | 1035 | Case Number | 15-031906 |

Type Offense           POCS

Property Received From
Check if Unattended ☐    ███████████████

Address From Which Property Received   ████████████████████

| Officer Inventorying Property | ID No. 180 | Officer K. Manning | Date 12/29/15 | Time 1453 |

Reason for Inventory
Evidence ✕   Found Property ☐   Return to Owner ☐   Other ☐   Describe

Person Who Property Can Be Returned To        N/A

| Address & Phone Number | N/A | Contacted? Yes ☐ No ☐ |

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|----------|---------|---------------------------------------------|
| 180-03 | | 01 YELLOW TABLET LABELED E63 |
| 180-04 | | 04 YELLOW PILLS LABELED E 63 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## CHAIN OF CUSTODY

| Item No. | Date | Possession | | Reason |
|----------|------|------------|---|--------|
| 180-03 &180-04 | 12/29/15 | From | Manning, K 180 | Evidence |
| | | To | Evidence Locker | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |

**Garner - 693**

Reviewing Supervisor

Biohazard    Number of Arrestees Involved: _01_    NCIC Check Positive____ Negative _Y_ N/A____

Date of Original Report _12/29/15_   Time of Original Report _1010_   Case Number _15-031906_

Type Offense _Disorderly Conduct / Follow up_

Property Received From ████████████████████████

Check if Unattended ☐

Address From Which Property Received ████████████████████████

Officer Inventorying Property   ID No. _238_   Officer _Kocha, Steve_   Date _1/4/16_   Time _1155 hrs_

Reason for Inventory

Evidence ☒   Found Property ☐   Return to Owner ☐   Other ☐   Describe

Person Who Property Can Be Returned To ████████████████████████

Address & Phone Number ████████████████████████   Contacted? ☐ Yes ☐ No

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|---|---|---|
| 238-01 | | 1 MEMOREX DVD DISK CONTAINING VIDEO EVIDENCE |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## CHAIN OF CUSTODY

| Item No. | Date | Possession | Reason |
|---|---|---|---|
| 238-01 | 1/4/16 | From Kocha 238 TO EVIDENCE LOCKER | EVIDENCE |
| | | From TO | |
| | | From TO | |
| | | From TO | |
| | | From TO | |
| | | From TO | |
| | | From TO | |
| | | From TO | |

Rev 04/2014 MB

Reviewing Supervisor
No. _211_ Name _____

BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

| Biohazard | Number of Arrestees Involved: 01 | NCIC Check Positive ___ Negative ___ N/A ☒ |
|---|---|---|

| Date of Original Report 29 DEC 15 | Time of Original Report 1035 | Case Number 15-031906 |
|---|---|---|

Type Offense
### POSSESSION OF CS, DISORDERLY, RESISTING ARREST

Property Received From
Check if Unattended ☒
Address From Which Property Received ████████████████████

| Officer Inventorying Property ID No. 135 Officer Sgt. McKaig | Date 29 DEC 15 | Time 1400 |
|---|---|---|

Reason for Inventory
Evidence ☒  Found Property ☐  Return to Owner ☐  Other ☐  Describe
Person Who Property Can Be Returned To
N/A

| Address & Phone Number | | Contacted? |
|---|---|---|
| N/A | - | Yes ☐  No ☒ |

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|---|---|---|
| 135-01 | (SCU) | DVD WITH RECORDED VIDEO BEHAVIOR AT THE ER BY ████████ |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### CHAIN OF CUSTODY

| Item No. | Date | Possession | Reason |
|---|---|---|---|
| 135-01 | 29 DEC 15 | From MCKAIG 135 / TO EVIDENCE LOCKER | Evidence |
| 135-01 | 01/07/16 | From EVIDENCE / TO LT. HELMERT #112 | TO SCU |
| | | From / TO | |
| | | From / TO | |
| | | From / TO | |
| | | From / TO | |
| | | From / TO | |
| | | From / TO | |
| | | From / TO | |

**Garner - 695**

Reviewing Supervisor /

3016 Longfellow Dr.
Bay St. Louis, MS 39520
(228) 467-2312
(228) 467-0657
bgill@mdoc.state.ms.us

**MS. Department of Corrections**

# Fax

| To: | Biloxi Police Records | From: | Agent Gill |
|---|---|---|---|
| Fax: | 228-435-6139~~/6/4/~~ | Pages: | 1 |
| Phone: | | Date: | 1/15/216 |
| Re: | ▮▮▮▮▮ | cc: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Comments:

Will you please fax me the police report on ▮▮▮▮▮? She was arrested on December 29, 2015 for DUI and other charges.

Thank for your time in this matter.

Thank you,

*Barbara B Gill*

Barbara B. Gill, PPA III

#15-031906

Biloxi Police Department
See Attached Record
Checked by *[signature]*
Date 1-20-16

Garner - 696

<u>SUBPOENA DUCES TECUM</u>      CASE NO.: *15-03/906*

STATE OF MISSISSIPPI  COUNTY OF HARRISON  CITY OF BILOXI

TO ANY LAWFUL OFFICER OF THE STATE OF MISSISSIPPI

This is to command you to summons ███████████ *(shuffle House manager,)* 998
*Cedar Lake Rd, Biloxi, ms 39532* to produce a copy of surveillance tape of *DUI Arrest*
*29 Dec 15, 1035 hrs* of ███████████ *w/p DoB* ███████████
to appear before the Judge of the Municipal Court of the City of Biloxi, MS at 170 Porter Avenue, Biloxi, MS on
the *3 rd*      ,day of *FeB*

, 20 *16*, at *0800* *A*M, to testify in the case of CITY OF BILOXI VS

███████████          and have then and there this writ.

_____ DC

Witness my hand this _____, day of *January*  , 20 *16*

  ○  May add casino incident number

# BILOXI POLICE DEPARTMENT
## Media Report



Name: NONE
File Type: OTHERS
Link To: NONE
Tatto/Scar:
Position:
Date: 01/02/2016
Notes: ████████ - HCSO booking photo 29 December 2015

**Garner - 698**

# BILOXI POLICE DEPARTMENT
## Impound Report

| Module INCIDENTS | Agency BILOXI POLICE | Module ID No 15-031906 | Impound No 15-003552 |
|---|---|---|---|

### Vehicle

| | |
|---|---|
| Year/Make 2004 HYUNDAI | Plate Number/State/Yr. ▉BY5▉▉ MS 2016 |
| Model XG350 | VIN ▉ |
| Style 4-DOOR AUTOMOBILE | Odometer |
| Color WHITE | Locked/Keys Present No    No |

### Owner / Driver

**Owner Name** ▉▉▉▉▉▉▉

**Owner Address** ▉▉▉▉▉▉▉▉▉▉   Phone - -

**Driver Name** ▉▉▉▉▉▉

**Driver Address** ▉▉▉▉▉▉▉▉▉▉   Phone - -

### Impound Info

**Towed From** ▉▉▉▉▉▉▉

**Towed To** ▉▉▉▉▉▉

| Towed By COASTAL TOWING | Reason DRIVER ARRESTED | |
|---|---|---|
| Impound Officer MANNING, KIT | Impound Date/Time 12/29/2015 10:53:00 AM | Rotation Yes |
| Condition 347 | | |

### Hold

| | |
|---|---|
| Hold Reason | |
| Hold Date/Time 12/29/2015 10:53:00 AM | Hold Officer |
| Special Instructions | |
| Hold Released | Hold Released By |

### Release

| Release Date/Time | Released By |
|---|---|
| Released | |
| Released To | Phone |
| Verification | |

### Inventory

04/13/2016 08:34

1 of 2

**Garner - 699**

# BILOXI POLICE DEPARTMENT
## Impound Inventory Report

| Module | Agency | Module ID No | Impound No |
|---|---|---|---|
| INCIDENTS | BILOXI POLICE | 15-031906 | 15-003552 |

### Inventory Details

| Was the Owner Notified? If yes, how? | | When? | Vehicle Condition | Vehicle Damage |
|---|---|---|---|---|
| NO | | | | |

| Processed for Prints? | Wheel Covers? | Custom Wheels? | Floor Mats? | Were keys used? | Was vehicle wired? |
|---|---|---|---|---|---|
| NO | NO | NO | NO | NO | NO |

**Radio Equipment**
- ☐ AM
- ☐ FM
- ☐ Cassette Player
- ☐ CD Player
- ☐ CB Radio
- ☐ Other

**Tools / Equipment**
- ☐ Spare Tire
- ☐ Jack
- ☐ Mechanical Tools
- ☐ Specialty Tools
- ☐ Other

**Valuables     Cash Amt?**
- ☐ Checks
- ☐ Jewelry
- ☐ Currency

**Clothing**
- ☐ Male
- ☐ Female
- ☐ Adult
- ☐ Children

**Contents**
- ☐ Personal Papers
- ☐ Business Papers
- ☐ Miscellaneous

**Contraband**
- ☐ Drugs
- ☐ Counterfeit
- ☐ Stolen Property
- ☐ Burglary Tools
- ☐ Other

**Weapons**
- ☐ Rifles
- ☐ Pistols
- ☐ Knives
- ☐ Other

**Garner - 700**

# CITY OF BILOXI
## UNIFORM ARREST/BOOKING FORM

Beat __7__  Grid

Arrest # 15-007378

Case # 15-031906

☐ JUVENILE  ☐ SECURED IN HOLDING CELL  ☒ CITIZEN  ☐ NON-US CITIZEN

| Full Name of Person Arrested (Last, First, Middle) | Alias, Maiden, or Nickname |
|---|---|

| Address of Arrestee | Street / House Number | City / State / Zip | Home Telephone Number | ☐ None |
|---|---|---|---|---|

| DL/ID State MS | DL/ID Number | ☐ None ☐ Expired ☐ Suspended ☐ ID Only | DL Type ☒ Operators ☐ Commercial | DL/ID Expiration Date |
|---|---|---|---|---|

| Occupation and Employer  ☒ Unemployed | Social Security Number | ☐ Same as DL |
|---|---|---|

| Age 42 | Sex F | Race White | Height 509 | Weight 145 | Hair Color Brown | Eye Color Brown | Shoe Size 10.5 | Scars, Birth Marks, Tattoos, Amputations (note comment section at bottom of page if needed) ROSE RIGHT ANKLE |
|---|---|---|---|---|---|---|---|---|

| Date of Birth | Place of Birth (City & State) COLLINS, MS | Blood Type A+ | Contact in Event of Emergency | Relationship Spouse |
|---|---|---|---|---|

| Contact's Address | Street / House Number SAME | City / State / Zip | Home Telephone Number ( ) | Business Telephone Number ( ) |
|---|---|---|---|---|

| Date of Arrest | Time of Arrest 1035 | Location of Arrest | PLEA | COURT CLERK USE ONLY Disposition |
|---|---|---|---|---|

| Charge / Offense PoCS (schedule 1) | ☒ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense 12-29-2015 | Court Date / Time PENDING | Bond Amount 10,000 | |
|---|---|---|---|---|---|
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |

| CUSTODY | ☐ Released - NO Charge | ☒ County Jail | ☐ Family Court | Check All Items That Apply | Total Bond 10,000 |
|---|---|---|---|---|---|
| | ☐ Released - Summons | ☐ Juvenile Shelter | ☒ Municipal Court | ☐ Drinking ☐ Cooperative | Bond Authorized By Strong |
| | ☐ Pre-Trial Release | ☐ Juvenile Detention | 1st 2nd Judicial ☐ ☐ | ☐ Drunk ☒ Resistive | Conditions of Bond if any |
| | ☐ Bond Company | | Justice ☐ ☐ Circuit ☐ ☐ | ☒ Drugs ☒ Belligerent | |
| | ☐ Cash Bail Receipt # | | Chancery ☐ ☐ | | |

| Arresting Officer (ID # and Name) 180 MANNING | Assisting Officer(s) (ID # and Name) 205 GARNER |
|---|---|

| How was Arrest Made? ☐ On View ☒ On Call ☐ Warrant ☐ Instanta | Assigned Booking Officer 150 MOEN | Officer Completing Custody 180 MANNING |
|---|---|---|

| Judge | Date of Warrant | | |
|---|---|---|---|

| Other Persons Arrested for Same Offense ☒ None  1. | 2. | Transporting Officer (ID # and Name) 180 MANNING | Property Yes ☒ No ☐ |
|---|---|---|---|

| Fingerprinted Yes ☐ No ☒ By Tab Cumulative | Mug Shot Taken Yes ☐ No ☒ By Tab Cumulative | Telephone Call ☐ Yes ☐ No ☐ Refused # Called | Detective Notified ☒ Yes ☐ No Name 230 Grotte | ☐ Yes ☐ No |
|---|---|---|---|---|
| Individual Armed ☐ Yes ☒ No Weapon | Vehicle Towed ☐ Yes ☒ No By K-9 | Hold Placed On Vehicle? ☐ Yes ☒ No Authorized By | Supervisor Notified ☒ Yes ☐ No Name 135 Metoria | |

| Juvenile's Father or Guardian Name | Address | Telephone # | Contacted By |
|---|---|---|---|
| Juvenile's Mother or Guardian Name | Address | Telephone # | Contacted By |

| Release Date/Time | Released to | Where Held |
|---|---|---|

| Facility Adult Detention ☐ Juvenile Detention ☐ Shelter ☐ | Release Date/Time | Officer (# & Name) | Release Status (Bond/or Time Served, Etc.) |
|---|---|---|---|

| NCIC ☒ Negative ☐ Hit | NCIC # | Charges | Agency |
|---|---|---|---|
| DCIC ☒ Negative ☐ Hit ☐ Probation ☐ Parole | County | Offense | Case Supervisor |

| Defendants Rights Given By | Date | Time | Location | Witness(es) | ☐ Verbal ☐ Form |
|---|---|---|---|---|---|

Comments:

Revised 2/2009

**Garner - 701**

# CITY OF BILOXI
## UNIFORM ARREST/BOOKING FORM

Beat _7_ Grid ____

Arrest # _15-007378_

Case # _15-031906_

☐ JUVENILE

☐ SECURED IN HOLDING CELL  ☒ CITIZEN  ☐ NON-US CITIZEN

**Personal Information**

Full Name of Person Arrested (Last, First, Middle) ▮▮▮▮▮▮ | Alias, Maiden, or Nickname

Address of Arrestee  Street / House Number ▮▮▮▮ | City / State / Zip ▮▮▮▮ | House Telephone Number ( ) ☐ None

DL/ID State  **MS** | DL/ID Number ☐ None ☐ Expired ☐ Suspended ☐ ID Only ▮▮▮ | DL Type ☒ Operators ☐ Commercial | DL/ID Expiration Date ▮▮▮

Occupation and Employer ☒ Unemployed | Social Security Number ▮▮▮ ☐ None ☐ IFR

| Age | Sex | Race | Height | Weight | Hair Color | Eye Color | Shoe Size | Scars, Birth Marks, Tattoos, Amputations (use comment section at bottom of page if needed) |
|-----|-----|------|--------|--------|-----------|-----------|-----------|---|
| 42 | F | White | 509 | 145 | Brown | Brown | 10.5 | ROSE RIGHT ANKLE |

Date of Birth ▮▮▮ | Place of Birth (City & State)  **COLLINS, MS** | Blood Type  **A+** | Contact in Event of Emergency | Relationship  **Spouse**

Contact's Address  Street / House Number  **SAME** | City / State / Zip | House Telephone Number  **(228) 493-7783** | Business Telephone Number ( )

**Arrest**

Date of Arrest  **12-29-15** | Time of Arrest  **1035** | Location of Arrest  **998 CEDAR LAKE ROAD** | PLEA | COURT CLERK USE ONLY  Disposition

| Charge / Offense | | Date of Offense | Court Date / Time | Bond Amount |
|---|---|---|---|---|
| **DISORDERLY CONDUCT** ☐ Felony ☒ Misdemeanor ☐ Traffic | | 12-29-2015 | 6 MAR 2016/ 0900 | $281⁰⁰ |
| **RESISTING ARREST** ☐ Felony ☒ Misdemeanor ☐ Traffic | | 12-29-2015 | 6 MAR 2016/ 0900 | $536⁰⁰ |
| **CHILD ENDANGERMENT** ☐ Felony ☐ Misdemeanor ☐ Traffic | | 12/29/15 | 6 MAR 2016/ 0900 | $1000⁰⁰ |
| ☐ Felony ☐ Misdemeanor ☐ Traffic | | | | |

_2 MAY._

**CUSTODY**

☐ Released - NO Charge  ☐ County Jail  ☐ Family Court
☐ Released - Summons  ☐ Juvenile Shelter  ☒ Municipal Court
☐ Pre-Trial Release  ☐ Juvenile Detention  Judicial ☐☐ 1st 2nd
☐ Bond Company  Justice ☐☐
☐ Cash Bail Receipt # _____  Circuit ☐☐
  Chancery ☐☐

Check All Items That Apply
☐ Drinking  ☐ Cooperative
☐ Drunk  ☒ Resistive
☐ Drugs  ☐ Belligerent

Total Bond  **$1,817⁰⁰**

Bond Authorized By _____

Conditions of Bond if any _____

Arresting Officer (ID # and Name)  **180 MANNING** | Assisting Officer(s) (ID # and Name)  **205 GARNER**

How was Arrest Made?  ☐ On View  ☒ On Call  ☐ Warrant  ☐ Instanter | Assigned Booking Officer  **150 MOEN** | Officer Completing Custody  **180 MANNING**

Judge _____ | Date of Warrant _____

Other Persons Arrested for Same Offense  ☒ None
1. _____  2. _____

Transporting Officer (ID # and Name)  **180 MANNING** | Property Yes ☒ No ☐

Fingerprinted  Yes ☐ No ☐ | Mug Shot Taken  Yes ☐ No ☐ | Telephone Call ☐ Yes ☐ No ☐ Refused  # Called: _____ | Detective Notified ☐ Yes ☐ No  Name: _____

By _____ | By _____

Individual Armed ☐ Yes ☐ No | Vehicle Towed? ☐ Yes ☐ No | Hold Placed On Vehicle? ☐ Yes ☐ No  Authorized By _____ | Supervisor Notified ☐ Yes ☐ No  Name: _____

Weapon _____

**Juvenile**

Juvenile's Father or Guardian Name | Address | Telephone # | Contacted By

Juvenile's Mother or Guardian Name | Address | Telephone # | Contacted By

Release Date/Time | Released to | Where Held

**Warrants**

Facility  Adult Detention ☐  Juvenile Detention ☐  Shelter ☐ | Release Date / Time | Officer (# & Name) | Release Status (Bond/or Time Served, Etc.)

NCIC - ☒ Negative ☐ Hit | NCIC # | Charges | Agency

DOC ☒ Negative ☐ Hit ☐ Probation ☐ Parole | County | Offense | Case Supervisor

Defendant Rights Given By | Date | Time | Location | Witness(es) | ☐ Verbal ☐ Form

Comments: _____

Revised 2/2009

**Garner - 702**

CRN# 15-031906

**AFFIDAVIT** Child Endangerment
STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

INV. OFFICER: _____
ARRAIGNMENT: _____
TRIAL DATE: _____
DEF. ATTORNEY: _____
PLEA: _____
DISPOSITION: _____

Before me Karen Kincaid _____ (Deputy Clerk of the City of Biloxi)

NAME 180 Manning _____ ADDRESS _____ PHONE _____ makes oath that

NAME ▓▓▓▓▓▓ ADDRESS ▓▓▓▓▓▓ PHONE ▓▓▓▓▓▓

on or about the 29 day of December , 20 15 , at 1035 o'clock AM M., in said City did

Did willfully + unlawfully operate a vehicle while under the influence of meth
while having her 7 year old in the vehicle with her

against the peace and dignity of the **CITY OF BILOXI, STATE OF MISSISSIPPI.**

AFFIANT _____

Sworn to and subscribed before me this the 29th _____ day of December , 20 15 .

WITNESS _____ ADDRESS _____ PHONE _____

_____ (Deputy) City Clerk

*White - Court     Yellow - Administration     Pink - Defendant*

**Garner - 703**

CRN# 15-031906

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before me Karen Kincaid _____ (Deputy Court Clerk of the City of Biloxi)

Name 180 Manning _____ makes oath that

Name ████████ Address ████████ Phone ████████

on or about the 29 day of December , 2015, at 1035 o'clock (am) (pm), in said City

did willfully and unlawfully, while on the premises of, 998 Cedar Lake Rd a business engaged in business
transactions with members of Waffle House

the public, to-wit _____ ,prevent or seek to prevent or interfere with other
persons, expressly or impliedly invited upon said premises or prospective customers,

coming into or frequenting such premises in the normal course of the operation of said   business at 998 Cedar Lake Rd

against the peace and dignity of the CITY OF BILOXI, STATE OF MISSISSIPPI.

_____
AFFIANT

Sworn to and subscribed before me this the 29 day of Dec , 2015

_____
(DEPUTY) COURT CLERK

| WITNESS | ADDRESS | PHONE |
|---------|---------|-------|
|  |  |  |
|  |  |  |

Garner - 704

CRN# 15-03/906

**AFFIDAVIT   RESISTING ARREST**   97-9-73

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before me Karen Kincaid _____ (Deputy Court Clerk of the City of Biloxi)

Name 180 manning _____ Address _____ Phone _____ makes oath that

Name ████████████ Address ████████████ Phone ████████████

on or about the 29 day of December, 2015, at 1035 o'clock (am) (pm), in said City

did willfully and unlawfully resist by ~~violence, threats,~~ Pulling Away or in any other manner including running away, his lawful arrest by 180 manning

,at state law enforcement officer

against the peace and dignity of the CITY OF BILOXI, STATE OF MISSISSIPPI.

_____
AFFIANT

Sworn to and subscribed before me this the 29 day of December, 20 15

_____
(DEPUTY) COURT CLERK

**WITNESS**            **ADDRESS**            **PHONE**

_____        _____        _____

_____        _____        _____

## ARRESTEE PERSONAL PROPERTY INVENTORY

ARRESTEE NAME: ████████████    CASE NUMBER: 15-031906

ARRESTING OFFICER: Manning 188

BOOKING OFFICER: Molen 150

### CURRENCY

| DENOMINATION | NUMBER | TOTAL | DENOMINATION | NUMBER | TOTAL |
|---|---|---|---|---|---|
| $100 | | | $1 (COIN) | | |
| $50 | | | HALF DOLLAR | | |
| $20 | | | QUARTER | | |
| $10 | | | DIME | | |
| $5 | | | NICKLE | | |
| $2 | | | PENNY | | |
| $1 | | | | | |

TOTAL (PAPER CURRENCY): _____    TOTAL (COIN CURRENCY): _____

TOTAL CASH COUNT: _____    COUNTER AND VERIFIER INITIALS AND ID# _____

### PERSONAL PROPERTY

| ITEM | AMOUNT | ITEM | AMOUNT |
|---|---|---|---|
| Watch | | Rings | |
| Comb | | Brush | |
| Lighter | | Cigarettes | |
| Cigars | | Knife | |
| Pen | | Belt | |
| Earrings | | Bracelet | |
| Necklace | | Car Keys | |
| Other Keys | | Wallet | |
| Purse | and contents | Glasses | |
| Hat | | Coat | |
| Shirt | | Cellular Phone | |

OTHER ITEMS NOT LISTED ABOVE

_____
_____
_____

### CERTIFICATIONS

I CERTIFY THE ABOVE IS A TRUE AND CORRECT LIST OF MY PERSONAL
PROPERTY AND CURRENCY AT THE TIME OF MY BOOKING

PRISONER SIGNATURE: Too Combative    DATE: 12/29/15

I CERTIFY I RECEIVED ALL PERSONAL PROPERTY REMOVED FROM MY
POSSESSION AT THE TIME OF BOOKING

PRISONER SIGNATURE: Too Combative    DATE: 12/29/15

RELEASING OFFICER: R. M___ 150    DESK CLERK: _____

**Garner - 706**

BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

Biohazard _____ Number of Arrestees Involved: ___01___ NCIC Check Positive_____ Negative _X_ N/A_____

Date of Original Report __29 DEC 2015__ Time of Original Report ___1013___ Case Number ___15-031906___

Type Offense
### POSSESSION OF METHAMPHETAMINE

Property Received From
Check if Unattended [    ]
Address From Which Property Received
### 998 CEDAR LAKE ROAD BILOXI MS 39532

Officer Inventorying
Property    ID No. _180_ Officer _K. Manning_    Date _29 DEC 2015_    Time _1035_

Reason for Inventory
Evidence [X]  Found Property [    ]  Return to Owner [    ]  Other [    ]   Describe

Person Who Property Can Be Returned To
### N/A

Address & Phone Number
### N/A

Contacted?  Yes [    ]  No [    ]

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|---|---|---|
| 180-01 | | BLACK HANDBAG CONTAINING BLACK POUCH AND STRAW WITH RESIDUE |
| 180-02 | | CLEAR PLASTIC BAGGY WITH RED STRIPE CONTAINING A WHITE CRYSTAL |
| | | SUBSTANCE TPW APPROX 1.4GM |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### CHAIN OF CUSTODY

| Item No. | Date | Possession | | Reason |
|---|---|---|---|---|
| 180-01 | 12/29/2015 | From | K. MANNING # 180 | Evidence |
| | | To | NARCOTICS BOX | |
| 180-02 | 12/29/2015 | From | K. MANNING # 180 | Evidence |
| | | To | NARCOTICS BOX | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |

Rev 07/2012

Reviewing Supervisor
No_____ Name_____

**Garner - 707**

BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

Biohazard _____ Number of Arrestees Involved ___1___ NCIC Check Positive _____ Negative _____ N/A ☒

Date of Original Report ___12/29/15___ Time of Original Report ___1035___ Case Number ___15-031906___

Type Offense
POCS

Property Received From _____

Check if Unattended ☐

Address From Which Property Received _____

Officer Inventorying Property ID No. ___180___ Officer ___K. Manning___     Date ___12/29/15___     Time ___1453___

Reason for Inventory   Describe

Evidence ☒  Found Property ☐  Return to Owner ☐  Other ☐

Person Who Property Can Be Returned To
N/A

Address & Phone Number          Contacted?
N/A                               Yes ☐  No ☐

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|----------|---------|---------------------------------------------|
| 180-03   |         | 01 YELLOW TABLET LABELED E63                |
| 180-04   |         | 04 YELLOW PILLS LABELED E 63                |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |
|          |         |                                             |

### CHAIN OF CUSTODY

| Item No. | Date | Possession | | Reason |
|----------|------|------------|---|--------|
| 180-03 & 180-04 | 12/29/15 | From | Manning, K 180 | Evidence |
|          |          | To   | Evidence Locker |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |
|          |          | From |            |        |
|          |          | To   |            |        |

Garner - 708

Reviewing Supervisor

# BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

Biohazard _____ Number of Arrestees Involved: _01_ NCIC Check Positive _____ Negative _Y_ N/A _____

Date of Original Report _12/29/15_ Time of Original Report _1010_ Case Number _15-031906_

Type Offense
DISORDERLY CONDUCT / FOLLOW UP

Property Received From
Check if Unattended ☐
Address From Which Property Received

Officer Inventorying
Property    ID No. _238_ Officer _KOCHA, STEVE_    Date _1/4/16_    Time _1155 HRS_

Reason for Inventory
Evidence ☒ Found Property ☐ Return to Owner ☐ Other ☐    Describe

Person Who Property Can Be Returned To

Address & Phone Number    Contacted? Yes ☐ No ☐

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|----------|---------|---------------------------------------------|
| 238-01 |  | 1 MEMOREX DVD DISK CONTAINING VIDEO EVIDENCE |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## CHAIN OF CUSTODY

| Item No. | Date | Possession | Reason |
|----------|------|------------|--------|
| 238-01 | 1/4/16 | From KOCHA 238 / TO EVIDENCE LOCKER | EVIDENCE |
|  |  | From / TO |  |
|  |  | From / TO |  |
|  |  | From / TO |  |
|  |  | From / TO |  |
|  |  | From / TO |  |
|  |  | From / TO |  |
|  |  | From / TO |  |

Rev 04/2014 MH

Reviewing Supervisor
No. _211_ Name _____

**Garner - 709**



## BILOXI DEPARTMENT OF PUBLIC SAFETY
## INVENTORY OF ACQUIRED EVIDENCE/PROPERTY

Biohazard _____ Number of Arrestees Involved: 01 NCIC Check Positive ___ Negative ___ N/A ☒

Date of Original Report 29 DEC 15 Time of Original Report 1035 Case Number 15-031906

Type Offense
### POSSESSION OF CS, DISORDERLY, RESISTING ARREST

Property Received From
Check if Unattended ☒
Address From Which Property Received ~~BELLY SHORE BILOXI MS~~

| Officer Inventorying Property ID No. 135 Officer Sgt. McKaig | Date 29 DEC 15 | Time 1400 |

Reason for Inventory
Evidence ☒ Found Property ☐ Return to Owner ☐ Other ☐ Describe

Person Who Property Can Be Returned To
N/A

Address & Phone Number
N/A · Contacted? Yes ☐ No ☒

| Item No. | Bin No. | Detailed Description of Property / Evidence |
|----------|---------|----------------------------------------------|
| 135-01 | SCU | DVD WITH RECORDED VIDEO BEHAVIOR AT THE ER BY ~~█████~~ |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### CHAIN OF CUSTODY

| Item No. | Date | Possession | | Reason |
|----------|------|------------|--|--------|
| 135-01 | 29 DEC 15 | From | MCKAIG 135 | Evidence |
| | | To | EVIDENCE LOCKER | |
| 135-01 | 01/07/16 | From | EVIDENCE | TO SCU |
| | | To | LT. HELMERT #112 | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |
| | | From | | |
| | | To | | |

**Garner - 710**

Reviewing Supervisor

3016 Longfellow Dr.
Bay St. Louis, MS 39520
(228) 467-2312
(228) 467-0657
bgill@mdoc.state.ms.us

**MS. Department of Corrections**

# Fax

| To: | Biloxi Police Records | From: | Agent Gill |
|---|---|---|---|
| Fax: | 228-435-6130~6144 | Pages: | 1 |
| Phone: | | Date: | 1/15/216 |
| Re: | ▆▆▆▆ | cc: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Comments:

Will you please fax me the police report on ▆▆▆▆ She was arrested on December 29, 2015 for DUI and other charges.

Thank for your time in this matter.

Thank you,

*Barbara B. Gill*

Barbara B. Gill, PPA III

#15-031906

Biloxi Police Department
See Attached Record
Checked by ▆▆▆▆
Date  1-2016

SUBPOENA DUCES TECUM                    CASE NO.: 15-03/906

STATE OF MISSISSIPPI   COUNTY OF HARRISON      CITY OF BILOXI

TO ANY LAWFUL OFFICER OF THE STATE OF MISSISSIPPI

This is to command you to summons ███████████ (WAFFLE HOUSE MANAGER), 998

CEDAR LAKE RD, BILOXI, MS 39532 to produce a copy of surveillance tape of DUI ARREST

29 DEC 15, 1035 HRS, OF ███████████ W/F DOB ███████

to appear before the Judge of the Municipal Court of the City of Biloxi, MS at 170 Porter Avenue, Biloxi, MS on
the ___3RD___ ,day of ___FEB___

, 20 16 , at 0800 A M, to testify in the case of CITY OF BILOXI VS

██████████████ and have then and there this writ.

_Contance Burns_ _____ DC

Witness my hand this _____, day of ___January___ , 20 16

○   May add casino incident number

**Garner - 712**



Name: NONE
File Type: OTHERS
Link To: NONE
Tatto/Scar:
Position:
Date: 01/02/2016
Notes: ▇▇▇▇▇▇ HCSO booking photo 29 December 2015

**Garner - 713**

# BILOXI POLICE DEPARTMENT
## Impound Report

| Module INCIDENTS | Agency BILOXI POLICE | Module ID No 15-031906 | Impound No 15-003552 |
|---|---|---|---|

### Vehicle

| | |
|---|---|
| Year/Make 2004 HYUNDAI | Plate Number/State/Yr. ████████ MS 2016 |
| Model XG350 | VIN ████████████████ |
| Style 4-DOOR AUTOMOBILE | Odometer |
| Color WHITE | Locked/Keys Present No    No |

### Owner / Driver

| | |
|---|---|
| Owner Name ████████████ | |
| Owner Address ███████████████ | Phone  _ - _ - _ |
| Driver Name ███████████ | |
| Driver Address ███████████████████ | Phone  _ - _ - _ |

### Impound Info

| | |
|---|---|
| Towed From ███████████████ | |
| Towed To ███████████████ | |
| Towed By COASTAL TOWING | Reason DRIVER ARRESTED |
| Impound Officer MANNING, KIT | Impound Date/Time 12/29/2015 10:53:00 AM |
| | Rotation Yes |
| Condition 347 | |

### Hold

| | |
|---|---|
| Hold Reason | |
| Hold Date/Time 12/29/2015 10:53:00 AM | Hold Officer |
| Special Instructions | |
| Hold Released | Hold Released By |

### Release

| | |
|---|---|
| Release Date/Time | Released By |
| Released | |
| Released To | Phone |
| Verification | |

### Inventory

| |
|---|
| |

**Garner - 714**

# BILOXI POLICE DEPARTMENT
## Impound Inventory Report

| Module<br>INCIDENTS | Agency<br>BILOXI POLICE | | Module ID No<br>15-031906 | Impound No<br>15-003552 |
|---|---|---|---|---|

**Inventory Details**

| Was the Owner Notified? If yes, how?<br>NO | | When? | Vehicle Condition | Vehicle Damage |
|---|---|---|---|---|

| Processed for Prints?<br>NO | Wheel Covers?<br>NO | Custom Wheels?<br>NO | Floor Mats?<br>NO | Were keys used?<br>NO | Was vehicle wired?<br>NO |
|---|---|---|---|---|---|

**Radio Equipment**
- ☐ AM
- ☐ FM
- ☐ Cassette Player
- ☐ CD Player
- ☐ CB Radio
- ☐ Other

**Tools / Equipment**
- ☐ Spare Tire
- ☐ Jack
- ☐ Mechanical Tools
- ☐ Specialty Tools
- ☐ Other

**Valuables          Cash Amt?**
- ☐ Checks
- ☐ Jewelry
- ☐ Currency

**Clothing**
- ☐ Male
- ☐ Female
- ☐ Adult
- ☐ Children

**Contents**
- ☐ Personal Papers
- ☐ Business Papers
- ☐ Miscellaneous

**Contraband**
- ☐ Drugs
- ☐ Counterfeit
- ☐ Stolen Property
- ☐ Burglary Tools
- ☐ Other

**Weapons**
- ☐ Rifles
- ☐ Pistols
- ☐ Knives
- ☐ Other

**Garner - 715**

# CITY OF BILOXI
## UNIFORM ARREST/BOOKING FORM

Beat __7__ Grid __V__

Arrest # 15-007378

Case # 15-031906

- [ ] JUVENILE
- [ ] SECURED IN HOLDING CELL  [X] CITIZEN  [ ] NON-US CITIZEN

### Personal Information

| Full Name of Person Arrested (Last, First, Middle) | Alias, Maiden, or Nickname |
|---|---|

| Address of Arrestee | Street / House Number | City / State / Zip | Home Telephone Number | [ ] None |
|---|---|---|---|---|

| DL/ID State | DL/ID Number | [ ] None [ ] Expired [ ] Suspended [ ] ID Only | DL Type [X] Operators [ ] Commercial | DL ID Expiration Date |
|---|---|---|---|---|
| MS | | | | |

| Occupation and Employer  [X] Unemployed | Social Security Number | [ ] Same as DL |
|---|---|---|

| Age | Sex | Race | Height | Weight | Hair Color | Eye Color | Shoe Size | Scars, Birth Marks, Tattoos, Amputations (use comments section at bottom of page if needed) |
|---|---|---|---|---|---|---|---|---|
| 42 | F | White | 509 | 145 | Brown | Brown | 10.5 | ROSE RIGHT ANKLE |

| Date of Birth | Place of Birth (City & State) | Blood Type | Contact in Event of Emergency | Relationship |
|---|---|---|---|---|
| | COLLINS, MS | A+ | | Spouse |

| Contact's Address | Street / House Number | City / State / Zip | Home Telephone Number | Business Telephone Number |
|---|---|---|---|---|
| | SAME | | | |

### Arrest

| Date of Arrest | Time of Arrest | Location of Arrest | | PLEA | COURT CLERK USE ONLY Disposition |
|---|---|---|---|---|---|
| 12-29-15 | 1035 | 998 CEDAR LAKE ROAD | | | |

| Charge / Offense | | Date of Offense | Court Date / Time | Bond Amount |
|---|---|---|---|---|
| PoCS (Schedule 1)  [X] Felony [ ] Misdemeanor [ ] Traffic | | 12-29-2015 | PENDING | 10,000 |
| Charge / Offense  [ ] Felony [ ] Misdemeanor [ ] Traffic | | Date of Offense | Court Date / Time | Bond Amount |
| Charge / Offense  [ ] Felony [ ] Misdemeanor [ ] Traffic | | Date of Offense | Court Date / Time | Bond Amount |
| Charge / Offense  [ ] Felony [ ] Misdemeanor [ ] Traffic | | Date of Offense | Court Date / Time | Bond Amount |
| Charge / Offense  [ ] Felony [ ] Misdemeanor [ ] Traffic | | Date of Offense | Court Date / Time | Bond Amount |

### Custody

| | | | Check All Items That Apply | Total Bond |
|---|---|---|---|---|
| [ ] Released - NO Charge [X] County Jail | [ ] Family Court | | [ ] Drinking [ ] Cooperative | 10,000 |
| [ ] Released - Summons [ ] Juvenile Shelter | [X] Municipal Court  1st 2nd | | [ ] Drunk [X] Resistive | Bond Authorized By  Strong |
| [ ] Pre-Trial Release [ ] Juvenile Detention | Judicial | | [X] Drugs [X] Belligerent | Conditions of Bond if any |
| [ ] Bond Company | Justice | | | |
| [ ] Cash Bail Receipt # | Circuit / Chancery | | | |

| Arresting Officer (ID # and Name) | Arresting Officer(s) (ID # and Name) |
|---|---|
| 180 MANNING | 205 GARNER |

| How was Arrest Made? [ ] On View [X] On Call [ ] Warrant [ ] Instanta | Assigned Booking Officer | Officer Completing Custody |
|---|---|---|
| | 150 MOEN | 180 MANNING |

| Judge | Date of Warrant | | |
|---|---|---|---|

| Other Persons Arrested for Same Offense  [X] None | Transporting Officer (ID # and Name) | Property |
|---|---|---|
| 1. _____ 2. _____ | 180 MANNING | Yes [X] No [ ] |

| Fingerprinted Yes [ ] No [X] | Mug Shot Taken Yes [ ] No [X] | Telephone Call [X] Yes [ ] No [ ] Refused | Detective Notified [X] Yes [ ] No |
|---|---|---|---|
| By Tab Cambutia | By Tab Cooperative | # Called | Name 230 Guthe |
| Individual Armed [ ] Yes [X] No | Vehicle Towed [ ] [X] Yes [ ] No | Hold Placed On Vehicle? [ ] Yes [X] No | Supervisor Notified [X] Yes [ ] No |
| Weapon | By KLS | Authorized By | Name 155 McClung |

### Juvenile

| Juvenile's Father or Guardian Name | Address | Telephone # | Contacted By |
|---|---|---|---|
| Juvenile's Mother or Guardian Name | Address | Telephone # | Contacted By |

| Release Date/Time | Released to | Where Held |
|---|---|---|

| Facility | Release Date/Time | Officer (# & Name) | Release Status (Bond/or Time Served, Etc.) |
|---|---|---|---|
| Adult Detention [ ] Juvenile Detention [ ] Shelter [ ] | | | |

### Warrants

| NCIC # | NCIC # | Charges | Agency |
|---|---|---|---|
| [X] Negative [ ] Hit | | | |

| DOC | County | Offense | Case Supervisor |
|---|---|---|---|
| [X] Negative [ ] Hit [ ] Probation [ ] Parole | | | |

| Defendants Rights Given By | Date | Time | Location | Witness(es) | [ ] Verbal [ ] Form |
|---|---|---|---|---|---|

Comments:

Revised 2/2009

**Garner - 716**

# CITY OF BILOXI
# UNIFORM ARREST/BOOKING FORM

Beat __7__ Grid

Arrest # 15-007378

Case # 15-031906

☐ JUVENILE
☐ SECURED IN HOLDING CELL ☒ CITIZEN ☐ NON-US CITIZEN

**Personal Information**

| Full Name of Person Arrested (Last, First, Middle) | | Alias, Maiden, or Nickname |
|---|---|---|

| Address of Arrestee | Street / House Number | City / State / Zip | Home Telephone Number | ☐ None |
|---|---|---|---|---|

| DL/ID State MS | DL/ID Number | ☐ None ☐ Expired ☐ Suspended ☐ ID Only | DL Type ☒ Operators ☐ Commercial | DL/ID Expiration Date |
|---|---|---|---|---|

| Occupation and Employer ☒ Unemployed | | Social Security Number | ☐ Same as DL |
|---|---|---|---|

| Age 42 | Sex F | Race White | Height 509 | Weight 145 | Hair Color Brown | Eye Color Brown | Shoe Size 10.5 | Scars, Birth Marks, Tattoos, Amputations (use comment section at bottom of page if needed) ROSE RIGHT ANKLE |
|---|---|---|---|---|---|---|---|---|

| Date of Birth | Place of Birth (City & State) COLLINS, MS | Blood Type A+ | Contact in Event of Emergency | Relationship Spouse |
|---|---|---|---|---|

| Contact's Address | Street / House Number SAME | City / State / Zip | Home Telephone Number ( ) | Business Telephone Number |
|---|---|---|---|---|

**Arrest**

| Date of Arrest 12-29-15 | Time of Arrest 1035 | Location of Arrest 998 CEDAR LAKE ROAD | | PLEA | COURT CLERK USE ONLY Disposition |
|---|---|---|---|---|---|

| Charge / Offense DISORDERLY CONDUCT | ☐ Felony ☒ Misdemeanor ☐ Traffic | Date of Offense 12-29-2015 | Court Date / Time 6 MAR 2016/ 0900 | Bond Amount $281⁰⁰ | |
|---|---|---|---|---|---|
| Charge / Offense RESISTING ARREST | ☐ Felony ☒ Misdemeanor ☐ Traffic | Date of Offense 12-29-2015 | Court Date / Time 6 MAR 2016/ 0900 | Bond Amount $536⁰⁰ | 2 MAY |
| Charge / Offense CHILD ENDANGERMENT | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense 12/29/15 | Court Date / Time 6 MAR 2016/ 0900 | Bond Amount $1,000⁰⁰ | |
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |
| Charge / Offense | ☐ Felony ☐ Misdemeanor ☐ Traffic | Date of Offense | Court Date / Time | Bond Amount | |

**CUSTODY**

☐ Released - NO CHARGE  ☐ County Jail
☐ Released - Summons  ☐ Juvenile Shelter
☐ Pre-Trial Release  ☐ Juvenile Detention
☐ Bond Company
☐ Cash Bail Receipt # _____

☐ Family Court
☒ Municipal Court 1st 2nd
Judicial ☐ ☐
Justice ☐ ☐
Circuit ☐ ☐
Chancery ☐ ☐

Check All Items That Apply
☐ Drinking ☐ Cooperative
☐ Drunk ☒ Resistive
☒ Drugs ☒ Belligerent

Total Bond $1,817⁰⁰
Bond Authorized By
Conditions of Bond if any

| Arresting Officer (ID # and Name) 180 MANNING | Assisting Officer(s) (ID # and Name) 205 GARNER |
|---|---|

| How was Arrest Made? ☐ On View ☒ On Call ☐ Warrant ☐ Instanta | Assigned Booking Officer 150 MOEN | Officer Completing Custody 180 MANNING |
|---|---|---|

| Judge | Date of Warrant | | |
|---|---|---|---|

| Other Persons Arrested for Same Offense ☒ None 1. 2. | Transporting Officer (ID # and Name) 180 MANNING | Property Yes ☐ No ☒ |
|---|---|---|

| Fingerprinted Yes ☐ No ☐ By | Mug Shot Taken Yes ☐ No ☐ By | Telephone Call ☐ Yes ☐ No ☐ Refused # Called: | Detective Notified ☐ Yes ☐ No Name: |
|---|---|---|---|

| Individual Armed ☐ Yes ☐ No Weapon | Vehicle Towed? ☐ Yes ☐ No By | Hold Placed On Vehicle? ☐ Yes ☐ No Authorized By | Supervisor Notified ☐ Yes ☐ No Name: |
|---|---|---|---|

**Juvenile**

| Juvenile's Father or Guardian Name | Address | Telephone # | Contacted By |
|---|---|---|---|
| Juvenile's Mother or Guardian Name | Address | Telephone # | Contacted By |
| Release Date/Time | Released to | Where Held | |

| Facility Adult Detention ☐ Juvenile Detention ☐ Shelter ☐ | Release Date/Time | Officer (# & Name) | Release Status (Bond/or Time Served, Etc.) |
|---|---|---|---|

**Warrants**

| NCIC # | NCIC # | Charges | Agency |
|---|---|---|---|
| ☒ Negative ☐ Hit | | | |
| DOC ☒ Negative ☐ Hit ☐ Probation ☐ Parole | County | Offense | Case Supervisor |

| Defendants Rights Given By | Date | Time | Location | Witness(es) | ☐ Verbal ☐ Form |
|---|---|---|---|---|---|

Comments: _____

Revised 2/2009

**Garner - 717**