IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLEN DOUGLAS HALE, III**                                                          **PLAINTIFF**

v.                                                                    CAUSE NO. 1:16CV113-LG-RHW

**CITY OF BILOXI, MISSISSIPPI,**
**et al.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S FEDERAL CLAIMS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

BEFORE THE COURT are the [78, 86, 91] Motions for Summary Judgment filed by Defendants City of Biloxi, Mississippi, Kenneth Garner (sued in his individual capacity only), and Darren Lea (sued in his individual capacity only) with respect to the Amended Complaint filed by Plaintiff Allen Douglas Hale, III. The Motions have been fully briefed. Having considered the submissions of the parties and the relevant law, the Court is of the opinion that Defendants are entitled to summary judgment on Plaintiff Hale's federal claims brought pursuant to 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### BACKGROUND

According to the Amended Complaint, Defendants Garner and Lea are or were police officers employed by Defendant City of Biloxi. In April 2015, the Defendant Officers came to Hale's mother's mobile home "to purportedly effectuate an arrest warrant on" Hale for credit card fraud. (*See* Am. Compl. 5, ECF No. 28). Hale alleges that when they arrived at the residence, "the Defendant Officers only

announced their presence and demanded for Mr. Hale to open the door to the mobile home." (*Id.*). Hale states that he was unarmed and "fully obeyed the officers' commands[,]" but

> [u]pon opening the front door, Mr. Hale was confronted with multiple police officers with firearms and/or [tasers] drawn and pointed directly at him. Although Mr. Hale inquired as to the reason that Defendant Officers were present at his home, the Defendant Officers refused to notify him of the reason for their presence [and did not] notify Mr. Hale that they were there to serve an arrest warrant on him or that he was under arrest.

(*Id.*). Hale alleges that Defendant Lea immediately tased him "without any provocation, warning, threats or resistance by" him, and, additionally, "Defendant Garner simultaneously discharged his firearm at Mr. Hale, shooting Mr. Hale in his abdominal region." (*See id.* at 6). Hale was eventually transported to the hospital where he received treatment for his injuries.

Hale instituted this civil action against Defendants Garner, Lea, and City of Biloxi under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act (MTCA). He has stated claims for (1) § 1983/Fourth Amendment excessive force against Defendant Garner in his individual capacity for shooting Hale; (2) § 1983/Fourth Amendment excessive force against Defendant Lea in his individual capacity for tasing Hale; (3) § 1983 municipal liability against Defendant City of Biloxi based on the alleged excessive force; and (4) reckless disregard under the MTCA against all Defendants.

## DISCUSSION

Defendants have moved for summary judgment on all claims stated against them. A motion for summary judgment shall be granted "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

The non-movant's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and quotation marks omitted); *see also Sanches v. Carrollton Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).  The Court will not, in the absence of proof, assume that the non-moving party could or would prove the necessary facts. *Little*, 37 F.3d at 1075.

**I.  SPOLIATION**

Hale contends that one or more City officials destroyed or intentionally lost video from Defendant Lea's body camera, and that such conduct creates an adverse inference that is sufficient to overcome summary judgment on all claims.  "'Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of [the evidence] were unfavorable to that party.'" *Schreane v. Beemon*, 575 F. App'x 486, 490 (5th Cir. 2014) (citation omitted).  "An adverse inference of spoliation can

3

be relevant on summary judgment." *Id.* "The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Id.* (citation and quotation marks omitted). It is within the Court's discretion whether to permit an evidentiary inference of spoliation. *See id.*

While there is some dispute as to whether Lea's body camera was functioning at the time and whether it produced any video at all, for summary judgment purposes, the Court accepts Hale's claim that a video exists. However, there is no genuine dispute – beyond Hale's mere speculation, which is not probative on summary judgment – that Lea did not remember to turn on his body camera until after the tasing or shooting. Therefore, the resulting video would be tangentially relevant to the actual claims in this action at best. Regardless, having reviewed the evidence, the Court is of the opinion that Hale has not made the requisite showing of bad faith or bad conduct necessary to draw an adverse inference. *See, e.g.*, *Moss v. Alcorn Cty.*, No. 1:13-CV-00167-SA-DAS, 2015 WL 419655, at *4-5 (N.D. Miss. Feb. 2, 2015). At most, he has shown that the video, if it exists, was misplaced, but "'[m]ere negligence is not enough . . . .'" *See id.* at *4 (citation omitted).

## II. EXCESSIVE FORCE AGAINST THE DEFENDANT OFFICERS (SECTION 1983)

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate that the defense does not apply, but "all inferences are drawn in his favor." *See Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015) (citation, quotation marks, and brackets omitted); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). In evaluating qualified immunity, the Court considers (1) whether the plaintiff has

4

alleged a violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009).

The Defendant Officers contend that Hale cannot satisfy either prong of the qualified immunity analysis. With respect to the first prong, to state a Fourth Amendment excessive force claim, Hale must show "that he suffered: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013). At issue here are the second and third factors, and in particular whether the force was clearly excessive and whether the excessiveness was clearly unreasonable. Inquiries into these factors "are often intertwined." *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012).

"Permissible force depends on the [1] severity of the crime at issue, [2] whether the suspect posed a threat to the officer's safety, and [3] whether the suspect was resisting arrest or attempting to flee." *Aguilar v. Robertson*, 512 F. App'x 444, 448 (5th Cir. 2013) (citations and quotation marks omitted); *Graham v. Connor*, 490 U.S. 386, 396 (1989). Here, the alleged crime – credit card fraud – while serious, is not violent offense. Viewing the evidence in the light most favorable to Hale, the Court accepts for summary judgment purposes that Hale was unaware that there was a warrant for his arrest and was never told prior to being shot and tased that he was under arrest, and, thus, could not have been resisting arrest or attempting to flee.

5

Accordingly, the relevant, dispositive inquiry for summary judgment purposes is whether each of the Defendant Officers reasonably believed that Hale posed a threat to the safety of the officers or others. *See Harris v. Serpas*, 745 F.3d 767, 772-73 (5th Cir. 2014); *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). In making this inquiry, the Court is mindful that "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *See Harris*, 745 F.3d at 773 (citation, quotation marks, and brackets omitted). The Court "must account for the difficult and often split-second decisions that police officers must make in carrying out their duties." *Lytle v. Bexar Cty.*, 560 F.3d 404, 411 (5th Cir. 2009).

For the second prong of the qualified immunity analysis, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to [the Defendant Officer] that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. In this respect, the United States Supreme Court has reiterated that "qualified immunity protects actions in the hazy border between excessive and acceptable force." *Mullenix v. Luna*, 136 S. Ct. 305, 312 (2015) (citation and quotation marks omitted).

### A. DEFENDANT GARNER (THE SHOOTING)

The videos submitted in conjunction with the pending motions illustrate that – although Hale did not "jam" his hand into his pocket as the Defendant Officers contend – he did turn away from the Officers and then put his right hand into his

6

right pocket as he was turning back,[1] despite previously being told not to put his hands in his pockets. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evidenced from video recordings taken at the scene."); *Buchanan v. Gulfport Police Dep't*, 530 F. App'x 307, 311 (5th Cir. 2013). Under these circumstances, the Court is of the opinion that Garner could have reasonably believed that Hale was reaching for a weapon and posed a threat to the officers' safety. *See, e.g.*, *Ontiveros*, 564 F.3d at 385; *see also Brewer v. Texas*, No. 3-10-CV-1721-N-BD, 2011 WL 3101789, at *3 (N.D. Tex. June 7, 2011), *rep. and rec. adopted*, 2011 WL 3047647, at *1 (N.D. Tex. July 22, 2011) ("Many courts, including the Fifth Circuit, have upheld the use of deadly force by police officers when suspects refuse to obey commands regarding the placement of their hands."). Furthermore, the Court finds that the shooting did not somehow become unreasonable because another officer also tased Hale at or near the same time. *See Buchanan*, 530 F. App'x at 315.

The fact that Hale was ultimately unarmed is irrelevant. *See Reese v. Anderson*, 926 F.2d 494, 501 (5th Cir. 1991); *see also Buchanan v. Gulfport Police Dep't*, No. 1:08CV1299LG-RHW, 2012 WL 1906523, at *8 (S.D. Miss. May 25, 2012), *aff'd*, 530 F. App'x at 315. Hale's implication that Garner "should have known" it was a lighter he was reaching for to light the cigarette he had retrieved is the exact

---

[1] The [99-7] still shots of one of the videos relied on by Hale also support this.

type of argument requiring 20/20 hindsight and judicial second-guessing, which is improper. *See Harris*, 745 F.3d at 773; *see also City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015). His contention that Garner did not believe he was armed because he did not shoot him when he reached his left hand into his left pocket to get his cigarettes does not create a genuine issue of material fact. The Court does not look at Garner's subjective intent, but only at whether his actions were objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. at 397. In doing so, the Court concludes that a reasonable officer could have exercised restraint when Hale first reached into his pocket, but taken action after Hale decided to place a hand in his pocket yet again after being told not to do so.

Hale argues that the Defendant Officers failed to first knock and announce their presence before opening the unlocked door to the mobile home,[2] failed to tell Hale he was under arrest or that there was a warrant for his arrest, and failed to respond to Hale's questions about why they were there. However, the Defendant "[O]fficers' actions leading up to the [challenged force] are not relevant for the purposes of an excessive force inquiry in this Circuit." *Harris*, 745 F.3d at 772. Similarly, if Hale is relying on his expert's affidavit (which he submitted in

---

[2] Hale did not bring a separate Fourth Amendment claim related to this purported failure. But assuming *arguendo* that there was a knock-and-announce violation, Hale's extensive arguments in this respect are a red herring. *See, e.g.*, *Dickerson v. McClellan*, 101 F.3d 1151, 1162 (6th Cir. 1996) (recognizing that a knock-and-announce violation "is conceptually distinct from" a claim of excessive force); *Greathouse v. Couch*, 433 F. App'x 370, 373 (6th Cir. 2011) ("Despite [Plaintiff]'s arguments to the contrary, the knock-and-announce rule violation is irrelevant to her excessive-force claim.").

opposition to the City's Motion only) to overcome qualified immunity, that affidavit primarily discusses the Defendant Officers' actions leading up to the shooting, which is insufficient to overcome summary judgment. *See Sheehan*, 135 S. Ct. at 1777; *Blair v. City of Dallas*, 666 F. App'x 337, 341 (5th Cir. 2016). Hale's expert acknowledges that "the video shows Hale with a cigarette and a package and did turn and put a hand in his pocket, but the violation of recognized procedures and training was the lack of informing Hale he was under arrest, and that they were serving a warrant." (Hale Expert Aff. 6, ECF No. 103-15). He then "argues that the [Defendant O]fficers acted contrary to recognized police policies and procedures, but that contention is not enough to itself create a material fact issue." *See Blair*, 666 F. App'x at 341; *see also Watson v. Bryant*, 532 F. App'x 453, 458 (5th Cir. 2013) ("The failure to use 'proper procedure' does not prove excessive force."); *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009).

The Court's inquiry could end here related to Garner. *See Pasco*, 566 F.3d at 572. Nevertheless, turning to the second prong of the qualified immunity analysis, Hale relies on a non-precedential case stating that a jury "could reasonably conclude that a prudent officer would have waited to see what impact the taser had before employing deadly force." *See Hinojosa v. Sheriff of Cook Cty.*, No. 13-C-9079, 2015 WL 5307514, at *6 (N.D. Ill. Sept. 10, 2015). This single district court case does not place the constitutionality of Garner's conduct "'beyond debate.'" *See Sheehan*, 135 S. Ct. at 1774 (citation omitted); *Mullenix*, 136 S. Ct. at 312; *Strickland v. City of Crenshaw*, 114 F. Supp. 3d 400, 417 (N.D. Miss. 2015). Indeed,

9

the Fifth Circuit has upheld summary judgment in favor of defendant officers when the officers simultaneously shot the plaintiff where that Court found – as this Court has – that the officers could have reasonably believed that the plaintiff posed a threat of serious harm.[3] *See Buchanan*, 530 F. App'x at 315. The Court will grant summary judgment in Defendant Garner's favor on the § 1983 claim against him.

### B. DEFENDANT LEA (THE TASING)

Turning to Lea's conduct, the Court is of the opinion that it was not objectively unreasonable for Lea to tase Hale after Hale turned away from the Defendant Officers and then put his right hand into his right pocket as he was turning back, despite previously being told not to put his hands in his pockets. (*See supra*, pp. 6-7); *Ontiveros*, 564 F.3d at 385. Again, this is so even though the shooting and tasing were at or near the same time and Hale proved to be unarmed. (*See supra*, p.7); *Reese*, 926 F.2d at 501; *Buchanan*, 530 F. App'x at 315. As with Garner, the Court will not engage in judicial second-guessing of Lea's conduct. (*See supra*, pp. 7-8). To the extent Hale contends that Lea did not believe he was armed, that argument is rejected for the same reason discussed above. (*See supra*, p.8).

Furthermore, while Hale contends that Lea did not give a "taser taser taser" warning, even assuming that a warning in those exact words was required, the

---

[3] Defendant Lea's conduct and entitlement to qualified immunity is analyzed separately below, as Fifth Circuit precedent requires. However, the Court notes that Hale's arguments in response to both Defendant Officers' invocation of qualified immunity are nearly identical, and, thus, this Court's analysis is also nearly identical. *See, e.g.*, *Byrd v. City of Bossier*, 624 F. App'x 899, 905 n.6 (5th Cir. 2015); *see also Poole*, 691 F.3d at 628.

failure to follow proper procedure does not prove excessive force. *See, e.g.*, *Blair*, 666 F. App'x at 341; *Watson*, 532 F. App'x at 458. The same is true for Hale's arguments related to other purported procedural violations. (*See supra*, pp. 8-9).

Finally, even if Hale's conduct was objectively unreasonable, he would still be entitled to qualified immunity. The constitutionality of Lea's conduct was not "beyond debate." (*See supra*, pp. 9-10); *Mullenix*, 136 S. Ct. at 312. The Court will also grant summary judgment in Defendant Lea's favor on the § 1983 claim against him.

### III.   MUNICIPAL LIABILITY AGAINST THE CITY OF BILOXI (SECTION 1983)

It is well-settled that the City cannot be liable under § 1983 pursuant to a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Forth Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citation omitted). "To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009).

Hale argues that the City's "unconstitutional policies and customs, combined with the City's inadequate training, were the moving force behind the excessive use of force against" him. (*See* Hale Mem. In Opp. To City Mot. For Summ. J. 26, ECF

11

No. 104) (bold omitted) (*see also id.* at 27).  The only policy identified by Hale in response to discovery requests was the City's taser policy.  (*See* Hale's Answers to City's First Set of Inter., ECF No. 84-7).  Because the Court has found that Lea's use of his taser was not unconstitutional, the Court need not address the City's taser policy further.  *See Salazar-Limon v. City of Houston*, 826 F.3d 272, 279 (5th Cir. 2016) ("Because [Plaintiff] has not shown a violation of his constitutional rights, however, all of his [municipal liability] claims against the City [Defendant] fail as a matter of law."); *Elizondo v. Green*, 671 F.3d 506, 510-11 (5th Cir. 2012) ("in the absence of a constitutional violation, there can be no municipal liability for the City").  Similarly, because the Court has found that Garner's use of his gun was not unconstitutional, the Court need not address the City's use of force policy further.  In short, because the Court has determined that there was no excessive force on the part of either Defendant Officer, the City is entitled to summary judgment on the § 1983 claim against it.  *See, e.g.*, *Salazar-Limon*, 826 F.3d at 279; *Elizondo*, 671 F.3d at 510-11; *Blair*, 666 F. App'x at 342; *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

      Hale also spends much of his briefing discussing the City's Policy 4.8 on Arrest Procedures.  Although unclear, it appears that Hale is trying to argue that the City's Arrest Procedures led to the use of excessive force, and, as discussed above, that claim is not cognizable because the Court has found that there was no

excessive force under the circumstances.[4]  Hale's arguments regarding the City's Arrest Procedures and implementation thereof are without merit and are insufficient to impose liability on the City.  *See, e.g., id.*

## IV. MTCA CLAIMS AGAINST ALL DEFENDANTS

Hale's claims under § 1983 are the sole basis for federal jurisdiction in this case.  Under 28 U.S.C. § 1367(c)(3), this Court has broad discretion to decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction.  The Court, having dismissed Hale's federal law claims, declines to exercise supplemental jurisdiction.  *See, e.g., Strickland*, 114 F. Supp. 2d at 418-19; *Smith v. City of Nettleton*, No. 1:07CV113MD, 2008 WL 5244441, at *3 (N.D. Miss. Dec. 15, 2008).

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result.  For the

---

[4] Hale blatantly misstates that Policy 4.8 "completely omits any reference to Miss. Code Ann. § 99-3-11 (1972))[,]" pertaining to "Admission to House."  (*See* Hale Mem. In Opp. To City Mot. For Summ. J. 17-18, ECF No. 104).  The Policy explicitly states in pertinent part:

> It is the policy of the Biloxi Department of Police that any criminal arrests . . . be made by Sworn Police Officers in accordance with state statutes; i.e., the Annotated Mississippi Code of 1972, Title 99 Chapter 3 Section 1, Title 99 Chapter 3 Section 3, Title 99 Chapter 3 Section 7, **Title 99 Chapter 3 Section 11**, Title 99 Chapter 3 Section 13 and Title 41 Chapter 29 Section 159).

(Policy 4.8 at 1, ECF No. 103-8) (emphasis added).

reasons discussed herein, the Court is of the opinion that Defendants are entitled to judgment as a matter of law on the federal claims against them and, thus, will dismiss those claims with prejudice. However, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and will dismiss those claims without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [78, 86, 91] Motion for Summary Judgment filed by Defendants are **GRANTED** with respect to Plaintiff Hale's federal claims made pursuant to 42 U.S.C. § 1983. Those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Hale's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE